UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-04659-AB-JC | Date: | June 17, 2025 |
|---|---|---|---|

| Title: | *We The Patriots USA, Inc., et al. v. Ventura Unified School District et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**DENYING**</u> APPLICATION FOR A TEMPORARY RESTRAINING ORDER [Dkt. No. 12]

On May 22, 2025, Plaintiff We The Patriots USA, Inc., and individuals Jane Doe and her child filed a Complaint for violation of their civil rights against the Ventura Unified School District ("District") and several of its officials. On May 24, 2025, Plaintiffs filed an Application for a Temporary Restraining Order ("TRO Application," Dkt. Nos. 12, 13). On May 28, 2025, the District filed an opposition (Dkt. No. 17). The Application is **DENIED**.

### BACKGROUND

Plaintiffs' Complaint alleges that California laws relating to required vaccinations for school children, including Cal. Health & Safety Code § 120335, violate their First Amendment Right to the free exercise of religion because they include no exemption for parents and children whose religious beliefs prohibit them from receiving those vaccinations. *See, e.g.*, Compl. ¶¶ 21-22. Plaintiffs also allege that such laws violate their Fourteenth Amendment Due Process rights to child rearing. *See* Compl. ¶¶ 113-114.

In 2015, the District granted Jane Doe and her child a "personal beliefs exemption" from vaccination requirements based on their religious beliefs. Compl. ¶ 53. Thereafter, California repealed its personal beliefs exemption. *See id.* ¶¶ 18-23. Jane Doe alleges that in anticipation of losing the personal beliefs exemption, instead of vaccinating her child, "she began a process of obtaining homeoprophylaxis immunizations for him in 2020." *Id.* ¶ 56. Such treatments do not violate their religious beliefs. *Id.* ¶ 57.

In December 2024, the District determined that such immunizations were inadequate, and informed Jane Doe that her child would be excluded from instruction. *Id.* ¶¶ 60-61. Jane Doe's child has been excluded from school as of January 7, 2025. *Id.* ¶ 63. Jane Doe tried to get the District to accept the homeoprophylaxis immunizations as sufficient, but it did not accept them. *Id.* ¶ 66. Over the next weeks and months, the District tried to pressure Jane Doe into vaccinating her child, notified Jane Doe and her husband that their child was chronically absent, and threatened them with prosecution for parenting a truant and for contributing to the delinquency of a minor. *Id.* ¶¶ 67-93. Plaintiffs allege that, in addition to violating their First and Fourteenth Amendment rights, the District's conduct harms Jane Doe's child by denying him an education. *Id.* ¶¶ 94-97.

Plaintiffs' TRO seeks a Court order restraining the District from enforcing Health & Safety Code § 120335 against them and others who hold religious objections to vaccinations, and from prosecuting Jane Doe for truancy for her child's exclusion from school. Plaintiffs have not filed proofs of service of either the Complaint or the TRO Application, although it appears they informally provided these filings to the Defendants. Defendants have filed an opposition.

## DISCUSSION

The Court has reviewed the Complaint, Plaintiffs' Application for a TRO along with its supporting documents, and Defendants' opposition and its supporting documents. The TRO is **DENIED**.

Fed. R. Civ. P. 65 (b) governs temporary restraining orders. A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City.*, 415 U.S. 423, 439 (1974). The purpose of a preliminary injunction, in turn, is to preserve the status quo and the

rights of the parties until a final judgment on the merits can be rendered. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

The standard for a TRO is similar to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). To obtain a TRO or a preliminary injunction, the plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Alternatively, where there are merely "serious questions going to the merits," the moving party may still obtain a preliminary injunction where the balance of hardships "tips sharply" in the moving party's favor, and where the moving party also shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Also, a TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D.Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

Here, Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm. It appears that Jane Doe was notified by December 2024 that her child would not be permitted to attend school until she could prove he was fully vaccinated; presumably, the school year is now, or soon will be, over. Plaintiffs have simply not explained either why they waited this long to seek relief, or, conversely, why they have an imminent need for relief now, when school is presumably out for the summer. Without an explanation as to why Plaintiffs "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," the Court will not address the merits.

Plaintiffs' TRO Application is therefore **DENIED**. **SO ORDERED**.