Jennifer W. Kennedy, CA SBN 185406
jenniferkennedyesq@gmail.com
JENNIFER W. KENNEDY
ATTORNEY AT LAW
61 S. Baldwin Avenue #1626
Sierra Madre, CA 91025
(626) 888-2263

Cameron L. Atkinson, *Pro Hac Vice*
catkinson@atkinsonlawfirm.com
ATKINSON LAW, LLC
122 Litchfield Rd Harwinton, CT 06791
(203) 677-0782

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WE THE PATRIOTS USA, INC; JANE DOE, on her own behalf and on behalf of Child 1;<br>　　　　Plaintiff,<br>　vs.<br>TONY THURMOND, in his official capacity only; ERICA PAN, in her official capacity only; VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO, in his official capacity only; ERIK NASARENKO, in his official capacity only; SARA BRUCKER, in her official capacity only;<br>　　　　Defendant. | Case No.: 2:25-CV-04659-AB-JC<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT PAN'S MOTION TO STAY ACTION PENDING OUTCOME OF SUBSTANTIALLY SIMILAR CASE**<br><br>Date: July 25, 2025<br>Time: 10:00 AM<br>Courtroom: 7B<br>Judge: Hon. Andre Birotte, Jr.<br>Complaint Filed: 5/22/2025<br><br><br>July 7, 2025 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................3
INTRODUCTION ..................................................................................................4
FACTUAL BACKGROUND ..................................................................................4
LEGAL STANDARD .............................................................................................6
ARGUMENT ..........................................................................................................7
   I.    The Chronology of the Lawsuits Should Not Weigh Heavily In This Case Because the Plaintiffs Could Not Pursue Their Claims Until They Were Ripe. ....7
   II.   The Parties Are Not Similar. .................................................................8
   III.  The Issues Are Distinct. .......................................................................10
   IV.  Equitable Reasons Also Require A Denial of The Motion To Stay. .........12
CONCLUSION .....................................................................................................13
CERTIFICATE OF SERVICE ..............................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Abrahms v. Hard Drive Productions, Inc.*, 2012 WL 1945493 (N.D. Cal. May 30, 2012) ................................................................................................................ 6

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) .................... 6

*Church v. California Dept. of Managed Health Care*, 2016 WL 11621588 (S.D. Cal. Apr. 15, 2016) .............................................................................................. 8, 9

*Colwell v. HHS*, 558 F.3d 1112 (9th Cir. 2009) ........................................................ 7

*Doescher v. Pan*, 2025 WL 1705012 (E.D. Cal. Jun. 18, 2025) ............................. 10

*Doescher v. Pan*, No. 2:23-cv-02995-KJM-JDP (E.D. Cal.) .................................... 6

*Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc.*, 528 U.S. 167 (2000) ................................................................................................................................ 7

*Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237 (9th Cir. 2015) ................................................................................................................. 5, 6

*Mahmoud v. Taylor*, No. 24-297 (Jun. 27, 2025) ............................................. 10, 12

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) ...................... 6

*Royce v. Pan*, 2025 WL 834769 (S.D. Cal. Mar. 17, 2025) ................................... 10

*Royce v. Pan*, No. 25-2504 (9th Cir.) ........................................................................ 3

*Royce v. Pan*, No. 3:23-CV-02012-H-BLM (S.D. Cal.) ........................................... 3

*Trump v. Casa*, No. 24A885 (June 27, 2025) ........................................................ 10

**Other Authorities**

California Senate Bill 277 ......................................................................................... 4

# INTRODUCTION

Plaintiffs We The Patriots USA, Inc. and Jane Doe respectfully submit this memorandum of law in opposition to Defendant Pan's motion to stay this case pending the outcome of *Royce v. Pan*, No. 3:23-CV-02012-H-BLM (S.D. Cal.), which is currently on appeal before the Ninth Circuit. *See Royce v. Pan*, No. 25-2504 (9th Cir.).

In no universe would such a stay be just or an appropriate exercise of judicial discretion. First Amendment rights indisputably belong to individuals, and the Supreme Court has made clear, time and time again, that the loss of First Amendment freedoms constitutes irreparable harm even if the loss is for minimal periods of time. Defendant Pan disregards these principles entirely and asks the Court to exercise its discretion to trap the Plaintiffs, and thousands of other California conscientious objectors, in legal limbo indefinitely. Under Pan's requested stay, the Plaintiffs in this case would be left to face religious persecution, criminal prosecution, and exclusion from society without an opportunity to be heard, much less one to obtain relief. Again, in no universe does such a stay comport with due process and the First Amendment, and it would constitute a stunning exercise of judicial indiscretion.

The Court should deny Defendant Pan's motion in its entirety and give the Plaintiffs an opportunity to be heard and to obtain relief. If it is inclined to grant Pan's requested stay, the Plaintiffs request, in the alternative, that the Court first deny their motion for a preliminary injunction so they can join the *Royce* plaintiffs at the Ninth Circuit and have an opportunity to obtain relief sooner than the indefinite period of time that the Ninth Circuit takes to decide *Royce*.

# FACTUAL BACKGROUND

In 1961, California adopted a school immunization requirement for polio that recognized both a medical exemption and a personal beliefs exemption. Dkt. 24-2, p. 2. The California legislature subsequently expanded the immunization

requirements to other diseases while preserving personal beliefs exemptions. *Id*. at p. 2. This personal beliefs exemption provided, among other forbearance, religiously-minded parents an option to send their children to public schools while still practicing their faith.

On June 30, 2015, California Governor Edmund Brown signed California Senate Bill 277 into law, which repealed the Personal Beliefs Exemptions for 10 statutorily specified diseases. Dkt. 1, ¶ 19. The repeal covered both private and public schools, but enabled students to keep their exemptions until they reached the next statutorily defined grade span. *Id*. at ¶ 19.

Conscientious objectors immediately became outlaws overnight. It did not matter whether they religiously objected to the use of cell lines artificially developed from aborted fetuses, gelatine derived from pork products, or other animal cells in vaccine development, testing, or production. *Id*. at ¶¶ 28-32. Because almost every vaccine currently available to Californians is researched, developed, tested, and/or produced with these religiously offense products, parents such as Jane Doe faced the exclusion of their children from school. *Ibid*.

Jane Doe does religiously object to the use of cell lines artificially derived from aborted fetal cell lines in the testing, development, and production of vaccines. *Id*. at ¶¶ 48-55. In or around March 11, 2015, she obtained for her son a personal beliefs exemption from Ventura Unified School District (VUSD) that was religious in nature. *Id*. at ¶¶ 54-55. When her son reached the next grade span, she attempted to obtain an alternative form of vaccination for him that did not violate her religious beliefs. *Id*. at ¶¶ 56-57.

After letting her son attend school for years after he had passed the statutorily mandated grade span because of her alternative vaccinations, VUSD began to exclude her son from its schools and refused to continue to accept her alternative forms of vaccination. *Id*. at ¶ 58-67. It then orchestrated her criminal

prosecution for truancy. *Id*. at ¶¶ 68-93. Her son has subsequently suffered tremendously as a result of the defendants' conduct. *Id*. at ¶¶ 94-97.

## **LEGAL STANDARD**

Defendant Pan bases her entire motion to stay on the first-to-file Rule. "The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).

"The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (cleaned up). The "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

Courts are to analyze three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc.*, 787 F.3d at 1240.

In other words, this rule gives district court judges substantial discretion to manage their dockets efficiently, but it was never meant to serve as a convenient escape hatch to deny civil rights litigants an opportunity to be heard in court. Instead, district courts enjoy the discretion to "dispense with the rule for equitable reasons…." *Abrahms v. Hard Drive Productions, Inc.*, 2012 WL 1945493, at *7 (N.D. Cal. May 30, 2012).

# ARGUMENT

## I. The Chronology of the Lawsuits Should Not Weigh Heavily In This Case Because the Plaintiffs Could Not Pursue Their Claims Until They Were Ripe.

The Plaintiffs admit, as they must, that *Royce* and *Doescher v. Pan*, No. 2:23-cv-02995-KJM-JDP (E.D. Cal.) were filed before this case. *Royce* was filed on October 31, 2023, and *Doescher* was filed on December 22, 2023. The Plaintiffs, however, contend that the Court should not give this factor much weight because standing doctrine and ripeness would have barred any earlier claims from the Plaintiffs.

Plaintiffs may be second or even third in line through the courthouse door for a variety of reasons that any reasonably competent lawyer mindful of his obligations to the Court under Fed. R. Civ. P. 11 would quickly identify. Such is the case here.

The Plaintiffs could not file their suit before *Royce* or *Doescher* because it would have been questionable at best whether they would have satisfied the closely related requirements of Article III standing and ripeness. In a realistic world, they would have never met the requirements of either doctrine.

To demonstrate the standing necessary to maintain a federal action, plaintiffs must show that (1) they have suffered a concrete and particularized injury that is "actual or imminent, not conjectural or hypothetical," (2) "the injury is fairly traceable to" the defendant, and (3) it is likely, not speculative, that a judicial decision would redress it. *Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Closely connected with standing doctrine is ripeness. A case is ripe as a matter of constitutional law if it "present[s] concrete legal issues, presented in actual cases, not abstractions." *Colwell v. HHS*, 558 F.3d 1112, 1123 (9th Cir. 2009).

The Plaintiffs' complaint clearly demonstrates that Jane Doe did not have the concrete injury necessary for standing until December 12, 2024 at best – more than a year after *Royce* was filed and a couple of weeks shy of a year after *Doescher* was filed. Dkt. 1, ¶¶ 60-63. Any case that Jane Doe brought prior to that injury would have presented an abstract case subject to dismissal on standing and ripeness. It would have presented the Court with a "what if VUSD does this" case. In other words, nothing had happened that would have given Jane Doe the right to bring the case. And without Jane Doe, We The Patriots USA, Inc. could not have brought a suit in its own right.

In other words, at worst, this first factor is neutral. To conclude otherwise would be to fault Jane Doe for not getting religiously persecuted fast enough. It would also sink to a new low of injustice by holding Jane Doe's compliance with the judiciary's precedents against her.

**II.   The Parties Are Not Similar.**

Defendant Pan argues that the plaintiffs in this case, *Royce*, and *Doescher* are substantially similar because "they are all parents of school-aged children who refuse to vaccinate their children due to their religious beliefs and who allege that, because of California's mandatory vaccination rule, their children are barred from attending public and private schooling in violation of their First Amendment Free Exercise rights." Dkt. 24-2, pp. 10-11. The mask slips off Pan's argument though when she also argues that she is the defendant in all three suits. *Id*. at p. 11. In other words, a stay would not be appropriate under the first-to-file rule if Pan were not a defendant.

At least one California federal court has held that, when "[d]efendants are the only parties common to the two actions…," the first-to-file rule is not satisfied. *Church v. California Dept. of Managed Health Care*, 2016 WL 11621588, at *6 (S.D. Cal. Apr. 15, 2016). *Church* illustrates how parties are not sufficient under these circumstances. Four churches filed an administrative

complaint with the U.S. Department of Health and Human Services challenging California's regulatory decision to require group health insurance plans to cover all legal abortions. *Id.* at *1. After being ignored, three churches filed a First Amendment lawsuit against the California Department of Managed Health Care and its director in the Eastern District of California. *Id.* at *1 n.1. Several months later, Skyline Wesleyan Church filed the *Church* case in the Southern District of California alleging similar First Amendment claims based on similar religious beliefs. *Id.* at *2. The *Church* court held that the plaintiffs in both actions were separate entities, that the Defendants had "failed to identify any privity or legal relationship between them," and that their sharing of some of the same legal counsel was insufficient to render them similar. *Id.* at *6.

This case is similar to *Church*. As much as Defendant Pan tempts to mask the real impetus for a stay, she is that impetus by virtue of being a defendant in *Royce, Doescher*, and this case. Her mighty effort to render the plaintiffs similar is all for naught because she cannot escape the fact that this case could not be stayed if she was not involved in it. That is insufficient to satisfy the first-to-file rule.

As for Defendant Pan's arguments about the similarity between the plaintiffs, the only similarity that she argues is the consequences of their religious beliefs. But the same could be said for almost any litigation involving individuals desperately fighting a sweeping government policy. What about an undocumented immigrant to California who grabbed off the streets of San Francisco by ICE and imprisoned in a federal immigration facility while he awaits deportation to some far away country without due process? Is he to be denied access to the courthouse under the first-to-file rule because he is similar to another undocumented immigrant who is grabbed off the streets of Ventura by ICE and imprisoned in a federal immigration facility while he awaits deportation to some far away country without due process? If they both challenged the same

federal law or policy that authorized their seizure and summary deportation without due process and sued Attorney General Pamela Bondi, would one's suit be forced to wait because the other immigrant had the misfortune of being seized four months earlier and filing his case sooner?

Under Defendant Pan's interpretation of the rule, they would have to wait.

Substantial similarity must require something more than common beliefs and consequences. It must require some sort of privity between parties or, as the Supreme Court recently hinted in *Trump v. Casa*, No. 24A885 (June 27, 2025), a class action that covers the affected parties. There is no such privity or relationship between the parties here that would force Jane Doe and We The Patriots USA, Inc. to wait while years of litigation play out in the other cases.

Thus, the Court should decline to find that Defendant Pan has shown substantial similarity between the parties.

### III. The Issues Are Distinct.

Defendant Pan also asserts that there is substantial overlap between *Royce*, *Doescher*, and this case because all three cases assert First Amendment Free Exercise claims. Dkt. 24-2, pp. 11-12. Her broad reading of the theories in this case do not do the Plaintiffs' claims justice though.

The Plaintiffs acknowledge that all three cases presented Free Exercise claims. Neither *Royce* nor *Doescher* presented hybrid-rights claims though, which trigger strict scrutiny under the Supreme Court's Free Exercise precedents. The Plaintiffs did present a hybrid rights claim in this case though. Dkt. 1, ¶¶ 119-121. And that claim received a substantial boost from the Supreme Court's recent decision in *Mahmoud v. Taylor*, No. 24-297 (Jun. 27, 2025), which recognized the right of parents to obtain religious exemptions from mandatory school curriculums when it implicates their right to direct their children's upbringing – the exact sort of hybrid-rights claim that the Plaintiffs bring here.

That alone is sufficient to distinguish this case from *Royce* and *Doescher* and warrants giving the Plaintiffs an opportunity to make their case.

Additionally, a deeper look at *Royce* and *Doescher* reveals additional differences. The *Royce* plaintiffs based their free exercise claims on impermissible targeting and a one-to-one comparison between religious and secular exemptions. *Royce v. Pan*, 2025 WL 834769, at *5-13 (S.D. Cal. Mar. 17, 2025). The *Doescher* plaintiffs took a similar approach. *See Doescher v. Pan*, 2025 WL 1705012, at *13-17 (E.D. Cal. Jun. 18, 2025).

The Plaintiffs in this case, however, are the beneficiaries of experience. While they did ask the Court to find California's denial of religious exemptions unconstitutional based on a one-to-one comparison between religious and secular exemptions, they also pled facts that showed how secular exemptions far outnumbered religious exemptions and how religious exemptions did not impact California's herd immunity rates. Dkt. 1, ¶¶ 33-47. Their application for a temporary restraining order and a preliminary injunction also went above and beyond to distinguish existing precedents and show, through years of data, how medical exemptions collectively pose a greater risk to California's interests than religious exemptions ever did. Dkt. 13, pp. 16-20. In other words, the labels on the Plaintiffs' claims might be the same as the ones in *Doescher* and *Royce*, but the substance of the claims is markedly different. The Court will have to confront those very distinct arguments regardless of what the Ninth Circuit does in *Royce*.

Lastly, the Plaintiffs arrive before the Court with a far more serious issue than anything presented in *Royce* or *Doescher*. Plaintiff Jane Doe is currently facing state criminal charges pertaining to her religious objections to school immunizations. She is under the threat of incurring more such charges unless she obtains relief. That threat of criminal prosecution places her neutrality claims on a substantially different footing than anything that the *Royce* or *Doescher* plaintiffs could have stated, and it renders the issues substantially different.

For these reasons, the Court should find that the issues raised in this case are substantially different than those presented in *Pan* and deny the motion to stay.

**IV. Equitable Reasons Also Require A Denial of The Motion To Stay.**

A stay slams the door on any effort by the Plaintiffs to obtain preliminary injunctive relief in this case. A new school year is just around the corner, and it will likely take months, if not the better part of a year, for the Ninth Circuit to decide *Royce*.

The Supreme Court has repeatedly held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," including when free exercise claims are at issue. *Mahmoud v. Taylor*, No. 24-297, at p. 41 (Jun. 27, 2025) (cleaned up). This is especially true in the context of decisions whether to stay a civil rights case. Constitutional rights are held by the individual, and a denial of an opportunity to be heard through a stay traps the individual in a legal limbo where his rights are being violated and he has no way to seek a judicial remedy. Slamming the courthouse door in such a fashion reduces the Constitution's protections to empty promises that are not worth the match to light the paper.

This case meets that criteria. Granting a stay in this case empowers the Defendants to repeatedly criminally charge Jane Doe with impunity. It empowers them to ruin her son's development with no legal recourse. It denies her the opportunity to be heard while others are heard and make decisions that affect her rights without her input.

That is not equal justice under the law. It is preferential treatment given to one set of litigants in the name of convenience. There is no convenience clause in the Constitution. There, however, are clauses protecting First Amendment rights, due process rights, and equal rights under the law. Those clauses all loudly call

for the denial of Defendant Pan's stay motion. The Court should heed their call and make the wise equitable decision to deny her motion.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully ask the Court to deny Defendant Pan's motion to stay this case.

*For the Plaintiffs*,

Dated: July 7, 2025

**JENNIFER W. KENNEDY**
**ATTORNEY AT LAW**
BY: /s/ *Jennifer W. Kennedy*
JENNIFER W. KENNEDY, ESQ.
California Bar No.: 185406
61 S. Baldwin Ave #1626
Sierra Madre, CA 91025-7076
(626) 888-2263
jenniferkennedyesq@gmail.com
Local Counsel for Plaintiff

**CAMERON L. ATKINSON**
BY: /s/ *Cameron L. Atkinson*
*Pro Hac Vice*
ATKINSON LAW, LLC
122 Litchfield Rd
Harwinton, CT 06791
(203) 677-0782
catkinson@atkinsonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2025, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Cameron L. Atkinson*
Cameron L. Atkinson