1   ROB BONTA
    Attorney General of California
2   JULIE T. TRINH, State Bar No. 231276
    Supervising Deputy Attorney General
3   JACQUELYN Y. YOUNG, State Bar No. 306094
    KATHERINE GRAINGER, State Bar No. 333901
4   Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3553
6    Fax:  (916) 731-2125
     E-mail:  Jacquelyn.Young@doj.ca.gov
7   *Attorneys for Defendant Erica Pan, in her official*
    *capacity as the Director of the California*
8   *Department of Public Health*

9                  IN THE UNITED STATES DISTRICT COURT

10                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14  | **WE THE PATRIOTS USA, INC.;** | 2:25-cv-04659-AB-JC |
    **JANE DOE, on her own behalf and**
15  **on behalf of Child 1;**

    **DEFENDANT CDPH DIRECTOR**
16                                      Plaintiffs,    **ERICA PAN'S REPLY BRIEF IN**
    **SUPPORT OF MOTION TO STAY**
    **PENDING OUTCOME OF A**
17         v.                          **SUBSTANTIALLY SIMILAR**
    **CASE**

18  **VENTURA UNIFIED SCHOOL**         Date:        10:00 a.m.
    **DISTRICT; ANTONIO CASTRO, in**   Time:        July 25, 2025
19  **his official capacity only; SARA**  Dept:       7B
    **BRUCKER, in her official capacity**  Judge:      Hon. Andre Birotte, Jr.
20  **only; TONY THURMOND, in his**    Action Filed: May 22, 2025
    **official capacity only; ERICA PAN, in**
21  **her official capacity only,**

22                                    Defendants.

23

24

25

26

27

28

                                    1

# TABLE OF CONTENTS

**Page**

Introduction...................................................................................................1

Argument ......................................................................................................2

    I.     All Three Threshold Factors Under the First-to-File Rule Are
          Satisfied.......................................................................................2

          A.    The Instant Matter Is the Most Recent and Last Filed
                 Challenge to California's School Vaccine Law Under the
                 First Amendment's Free Exercise Clause ..................................2

          B.    The Parties Are Substantially Similar in All Three
                 Actions Because They Represent the Same Interests................4

          C.    The Issues Are Substantially Similar Because They
                 Involve Closely Related Questions and Common Subject
                 Matter........................................................................................5

                1.    Plaintiffs allege closely related questions and
                        common subject matters............................................6

                  2.    There is substantial overlap between the instant
                        action and *Royce* ......................................................7

    II.    Staying the Matter Promotes Economy, Consistency, And
          Comity.........................................................................................8

    III.   Plaintiffs Fail to Establish Equitable Reasons for Denying a Stay.......9

Conclusion ..................................................................................................11

# TABLE OF AUTHORITIES

**Page**

CASES

*Alioto v. Hoiles*
No. C 04-1395 PJH, 2004 WL 2326367 (N.D. Cal. Oct. 12, 2004) ................... 8

*Alltrade, Inc. v. Uniweld Prods.*
946 F.2d 622 (9th Cir. 1991) ............................................................. 8, 9

*Centocor, Inc. v. MedImmune, Inc.*
No. C 02-03252 CRB, 2002 WL 31465299 (N.D. Cal. Oct. 22,
2002) ................................................................................................ 6

*Church of Scientology of Cal. v. U.S. Dep't of Army*
611 F.2d 738 (9th Cir. 1979) ............................................................. 8, 9

*Colorado River Water Conservation Dist. v. United States*
424 U.S. 800 (1976) ........................................................................... 1

*Crawford v. Bell*
599 F.2d 890 (9th Cir. 1979) ................................................................ 8

*Doescher v. Pan*
No. 2:23-cv-02995-KJM-JDP, 2025 WL 1705012 (E.D. Cal June
17, 2025) ........................................................................................... 7

*Fremont Emergency Servs. (Scherr), Ltd. v. UnitedHealthcare Ins. Co.*
No. 2:22-cv-01118-CDS-BNW, 2023 WL 8556229 (D. Nev. Dec.
8, 2023) ............................................................................................ 4

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*
544 F. Supp. 2d 949 (N.D. Cal. 2008) .................................................... 3

*Jacobs v. Clark County Sch. Dist.*
526 F.3d 419 (9th Cir. 2008) ................................................................ 7

*Johnson v. Siemens Indus., Inc.*
No. LA CV 23-06031-DOC-KES, 2023 WL 9644852 (C.D. Cal.
Oct. 13, 2023) ................................................................................... 4

*Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*
787 F.3d 1237 (9th Cir. 2015) ......................................................... 2, 5, 9

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*
   991 F.2d 536 (9th Cir. 1993) ............................................................................. 11

*Nakash v. Marciano*
   882 F.2d 1411 (9th Cir. 1989) ............................................................................. 1

*Pacesetter Sys. v. Medtronic, Inc.*
   678 F.2d 93 (9th Cir. 1982) ................................................................................. 3

*Perez v. City of Petaluma*
   No. 21-cv-06190, 2021 WL 3934327 (N.D. Cal. Aug. 13, 2021) ..................... 10

*PETA, Inc. v. Beyond the Frame, Ltd.*
   No. CV 10-07576, 2011 WL 686158 (C.D. Cal. Feb. 16, 2011) ......................... 4

*Royce v. Pan*
   No. 3:23-cv-02012-H-BLM, 2025 WL 834769 (S.D. Cal March 17,
   2025) ..................................................................................................................... 7

*Skyline Wesleyan Church v. California Department of Managed
   Health Care*
   No. 16-cv-00501, 2016 WL 11621588 (S.D. Cal. Apr. 15, 2016) ...................... 5

*Tandon v. Newsom*
   141 S.Ct. 1294 (2021) ......................................................................................... 6

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*
   815 F. Supp. 994 (E.D. Tex. 1993) ..................................................................... 6

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*
   520 F.Supp.2d 579 (D. Del. 2007) ...................................................................... 3

*Tingley v. Ferguson*
   47 F.4th 1055 (9th Cir. 2022) .............................................................................. 7

*Walker v. Progressive Casualty Ins. Co.*
   No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9,
   2003) ..................................................................................................................... 4

*Whitlow v. California*
   203 F. Supp. 3d 1079 (S.D. Cal. 2016) ............................................................... 7

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

28 U.S.C.
   § 1404 ......................................................................................... 5

Cal. Health & Safety Code
   § 120335 ..................................................................................... 11

**CONSTITUTIONAL PROVISIONS**

First Amendment of the United States Constitution .................................. 6

**COURT RULES**

Fed. R. Civ. P. 3 ............................................................................. 3

**INTRODUCTION**

The general principle of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). It is well established that to invoke the first-to-file rule, the parties and issues in each action need not be identical; "[i]t is enough if the [] proceedings are 'substantially similar.' " *Nakash v. Marciano,* 882 F.2d 1411, 1417 (9th Cir. 1989).

The instant matter is the latest of three pending cases where substantially similar parties are litigating a nearly identical constitutional challenge of California's school vaccine law. Plaintiffs in all three actions are parents of school-aged children who choose not to vaccinate their children due to their religious beliefs. Plaintiffs in all three actions brought suit against Defendant Dr. Erica Pan, in her official capacity as Director of the California Department of Public Health (CDPH), asserting facial challenges against California's school vaccine law under the First Amendment's free exercise clause. Plaintiffs in all three actions contend that, because California's school vaccine law provides a "secular" medical exemption, the law is neither neutral nor generally applicable and, thus, is subject to strict scrutiny review. Plaintiffs in all three actions argue that the school vaccine law is not narrowly tailored under strict scrutiny. All these claims are currently being briefed and argued before the Ninth Circuit Court of Appeals in the first-filed matter, *Royce v. Bonta* (*Royce*) (United States District Court, Southern District of California, Case No. 3:23-cv-02012-H-BLM, filed October 31, 2023).

In their opposition, Plaintiffs raise technical differences without meaningful distinctions and fail to refute the three threshold factors for invoking the first-to-file rule. Plaintiffs also fail to establish any equitable reason for why a stay should not be granted. Here, CDPH seeks a stay of the instant matter while the first-filed

1

matter, *Royce*, is adjudicated before the Ninth Circuit (Case No. 25-2504). The Ninth Circuit's decision will, at the very least, provide guidance (if not controlling authority) on Plaintiffs' religious freedom claims. Since the anticipated *Royce* decision would most likely obviate the need for further litigation, a stay of the instant case would maximize judicial economy, efficiency, and comity. Thus, CDPH's motion to stay (Motion) should be granted.

## ARGUMENT

### I. ALL THREE THRESHOLD FACTORS UNDER THE FIRST-TO-FILE RULE ARE SATISFIED

When deciding whether to apply the first-to-file rule, a court analyzes three threshold factors: (1) the chronology of the lawsuits; (2) the similarities of the parties; and (3) the similarity of the issues. *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.* (*Kohn Law Group, Inc.*), 787 F.3d 1237, 1240. In comparing this matter to *Royce*, the first-filed matter, all three factors are met.

#### A. The Instant Matter Is the Most Recent and Last Filed Challenge to California's School Vaccine Law Under the First Amendment's Free Exercise Clause

Plaintiffs concede that the chronology factor weighs in favor of CDPH. ECF No. 28 at 7. The *Royce* and *Doescher* cases were filed in October and December 2023, respectively. RJN Exs. 13, 16. The instant case was filed less than two months ago, on May 22, 2025. Accordingly, under the first-to-file rule, the chronology of the three cases supports a stay of this instant action pending the outcome on appeal in *Royce*.

Despite their concession, Plaintiffs argue that the Court "should not give this factor much weight" because standing and ripeness allegedly prevented Plaintiffs from filing this suit before the plaintiffs in *Royce* and *Doescher*. ECF No. 28 at 7. This argument is unavailing and untrue.

As a preliminary matter, the chronology factor under the first-to-file rule simply considers which case was first-to-file. There is no consideration of a party's

standing or an issue's ripeness when determining whether the "matters exhibit chronology." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.* (*Intersearch*), 544 F. Supp. 2d 949, 958 (N.D. Cal. 2008) (concluding that defendant's personal jurisdiction argument against plaintiffs does not bar the application of the first-to-file doctrine when assessing whether chronology is satisfied). "A federal action is commenced by the filing of the complaint." Fed. R. Civ. P. 3. "It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 96, fn.3 (9th Cir. 1982). "[W]hen investigating a first-filed issue, relation back analysis is unnecessary." *Time Warner Cable, Inc. v. USA Video Tech. Corp.,* 520 F.Supp.2d 579, 585 n.48 (D. Del. 2007). Thus, for purposes of analyzing chronology, the Court should only consider whether the Southern District in *Royce* had the matter before it first.  And Plaintiffs concede the Southern District did.

Moreover, Plaintiffs' arguments regarding standing and ripeness are contradicted by their own allegations within the complaint. Plaintiffs assert facial challenges against California's school vaccine law for purportedly violating their right to religious freedom. ECF No. 1 at 12-14. The school vaccine law has been in effect since January 1, 2016. *Id*. at ¶ 33. Plaintiff Jane Doe admits that since 2020, she "knew that California law would end [her child's] personal beliefs exemption." *Id*. at ¶ 56.  Members of organizational Plaintiff We the Patriots are "similarly situated parents and children throughout the state of California." *Id*. at ¶ 8. Plaintiffs could have filed their suit, facially challenging the constitutionality of the school vaccine law, at any point between January 1, 2016, when the law went into effect, and October 13, 2023, when the *Royce* plaintiffs filed their suit facially challenging the constitutionality of the school vaccine law. They did not.

Since Plaintiffs' standing and ripeness arguments have no bearing on the Court's calculus of the chronology factor, the first threshold factor is met for applying the first-to-file rule.

3

1

### B.    The Parties Are Substantially Similar in All Three Actions Because They Represent the Same Interests

2

3      "Courts in the Ninth Circuit have adopted a flexible approach in evaluating

4    the similarity of the parties and issues." *PETA, Inc. v. Beyond the Frame, Ltd.*, No.

5    CV 10-07576, 2011 WL 686158, at \*4-6 (C.D. Cal. Feb. 16, 2011). The first-to-file

6    rule does not require identical parties or issues, so long as the actions are

7    substantially similar or involve substantial overlap. *Walker v. Progressive Casualty*

8    *Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, 2003 WL 21056704, \*2

9    (W.D. Wash. May 9, 2003) ("Exact parallelism between the two actions need not

10   exist; it is enough if the parties and issues in the two actions are 'substantially

11   similar,' ") quoting *Nakash*, 882 F.2d at 1416.

12       Instead of exact identity, the "fulcrum of the ['similar parties'] factor is

13   whether the parties represent the 'same interests' and whether the absence or

14   addition of a party will have a 'bearing on the resolution of the dispute.' " *Fremont*

15   *Emergency Servs. (Scherr), Ltd. v. UnitedHealthcare Ins. Co.*, No. 2:22-cv-01118-

16   CDS-BNW, 2023 WL 8556229, at \*6 (D. Nev. Dec. 8, 2023), quoting *Aqua*

17   *Connect, Inc. v. SHI Int'l Corp.*, No. CV 19-05662-AB (JPR), 2019 WL 8883452,

18   at \*3 (C.D. Cal. Dec. 16, 2019)).  For example, in *Johnson v. Siemens Industry,*

19   *Inc.*, like CDPH, the defendant filed a motion to stay pending the outcome on

20   appeal of a substantially similar case. *Johnson v. Siemens Indus., Inc.*, No. LA CV

21   23-06031-DOC-KES, 2023 WL 9644852, at \*2 (C.D. Cal. Oct. 13, 2023). The

22   district court granted the stay, finding that the parties are substantially similar

23   because all pending actions involved the "same sole defendant" (i.e., Siemens, the

24   employer) and "the same scope of represented individuals" (i.e., current and former

25   commissioned employees of Siemens). *Id*. at \*6. Even though the plaintiffs in the

26   pending actions were different and separate individuals, the district court concluded

27   that the parties were similarly situated and represented the same interests. *Id*.

28       Here, the parties in all three actions are substantially similar and comity

1  supports application of the first-to-file rule. Plaintiffs concede that all three actions
2  are brought against the Director of CDPH. ECF No. 28 at 8. Plaintiffs further
3  concede that plaintiffs in all three actions are parents of school-aged children who
4  choose not to vaccinate their children as a "consequence[] of their religious
5  beliefs." *Id*. at 9. Plaintiffs in all three actions seek declaratory and injunctive relief
6  to strike down California's school vaccine law as unconstitutional and to allow their
7  children to attend school regardless of vaccination status. Thus, plaintiffs in all
8  three actions are substantially similar because they are similarly situated and
9  represent the same interests.

10        Plaintiffs argue that the parties are not similar because CDPH has not
11  identified any privity or legal relationship between the plaintiffs in the three actions.
12  *Id*. at 9. No such requirement exists. Plaintiffs' reliance on *Skyline Wesleyan*
13  *Church v. California Department of Managed Health Care* (*Skyline*), No. 16-cv-
14  00501, 2016 WL 11621588 (S.D. Cal. Apr. 15, 2016) is not controlling. In *Skyline*,
15  the district court denied the defendant's motion to transfer venue pursuant to 28
16  United States Code §1404. *Id*. at *15. The *Skyline* court determined that (1) the
17  plaintiffs in the first-filed matter were separate entities from the plaintiffs in the
18  second-filed matter; and (2) the fact that the plaintiffs shared some counsel in both
19  actions and previously joined in filing an administrative complaint against a federal
20  agency was insufficient to establish substantial similarity. *Id*. at *17-18. Whether
21  the plaintiffs were similarly situated and represented the same interests was not
22  raised by the parties or presented before the *Skyline* court. *See id*. Thus, *Skyline*
23  does not apply to this case and should be rejected.

24       **C.    The Issues Are Substantially Similar Because They Involve
25                Closely Related Questions and Common Subject Matter**

26        To determine whether two suits involve substantially similar issues, courts
27  look at whether there is "substantial overlap" between the suits. *Kohn Law Group,*
28  *Inc.*, 787 F.3d at 1241. "Substantial overlap" exists when both actions "involve

1   closely related questions or common subject matter." *Centocor, Inc. v. MedImmune,*
2   *Inc.*, No. C 02-03252 CRB, 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002);
3   *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D.
4   Tex. 1993) ("As to the first inquiry, all that need be present [for the first-to-file rule
5   to apply] is that the two actions involve closely related questions or common
6   subject matter, or that the core issues substantially overlap. The cases need not be
7   identical to be duplicative.").

       **1.    Plaintiffs allege closely related questions and common subject matters**

10        The pleadings demonstrate that all three cases involve closely related
11   questions and common subject matter. Plaintiffs concede that "all three cases assert
12   First Amendment Free Exercise claims." ECF No. 28 at 10. All plaintiffs allege that
13   they refuse to vaccinate their children because of their religious beliefs, and that
14   California's school vaccine law, absent a personal beliefs exemption, violates their
15   First Amendment Free Exercise rights by conditioning their children's public or
16   private school attendance on compliance with that vaccination requirements. *See*
17   ECF No. 1, ¶¶ 48-53, 104-121; RJN Ex. 14, ¶¶ 149-73; Ex. 17, ¶¶ 71–105. All
18   plaintiffs allege an identical threshold question of whether the school vaccine law is
19   subject to rational basis or strict scrutiny review. *See id.* All plaintiffs similarly rely
20   on *Tandon v. Newsom*, 141 S.Ct. 1294, 1296 (2021) and argue that this threshold
21   question turns on whether the school vaccine law is neutral and generally
22   applicable. ECF No. 1, ¶101; RJN Ex. 15 at ¶154; Ex. 17 at ¶83. All plaintiffs
23   allege that because the challenged vaccine law provides for a "secular," medical
24   exemption, the law lacks neutrality and general applicability, and thus, should be
25   subject to strict scrutiny review. *See* ECF No. 1, ¶¶ 48-53, 104-121; RJN Ex. 14, ¶¶
26   149-73; Ex. 17, ¶¶ 71–105. All plaintiffs allege that California's school vaccine law
27   is not narrowly tailored and thus, does not survive strict scrutiny. *See id.*
28        The district courts in *Royce* and *Doescher*, by granting CDPH's motion to

1   dismiss without leave to amend, in each case respectively, have rejected those

2   arguments.  *Royce v. Pan*, No. 3:23-cv-02012, 2025 WL 834769, *5-14 (S.D. Cal.

3   March 17, 2025); *Doescher v. Pan*, No. 2:23-cv-02995-KJM-JDP, 2025 WL

4   1705012, *12-14 (E.D. Cal June 17, 2025). As noted above, the disposition of these

5   claims and arguments is now pending review on appeal before the Ninth Circuit in

6   *Royce*. CDPH seeks a stay of the instant matter pending the Ninth Circuit's decision

7   on the disposition of these claims and arguments.

8          2.    **There is substantial overlap between the instant action and**
9                **Royce**

10         Plaintiffs argue that the issues are not similar because (1) their claim for

11  religious freedom under the hybrid-rights theory triggers strict scrutiny review; and

12  (2) their comparison of the medical exemption and personal beliefs exemption

13  involves different arguments than those articulated in *Royce*.  ECF No. 28 at 10-11.

14  Both these arguments fail to refute the substantial overlap in closely related

15  questions and common subject matter between the instant action and *Royce*.

16         The first-to-file rule does not require issues to be identical to be duplicative.

17  Here, the constitutional analysis for all three cases is substantially similar in

18  determining whether California's school vaccine law violates the First

19  Amendment's free exercise clause. Plaintiffs fail to explain how the analysis for

20  their religious freedom claim under the hybrid-rights theory is any different from

21  the constitutional analysis for the other religious freedom claims.[1] Plaintiffs also

22  fail to differentiate their arguments regarding medical exemptions from those

23         _____

           [1] Plaintiffs are also mistaken in arguing that their religious freedom claim
24  under the hybrid rights theory triggers strict scrutiny review. *See Tingley v.
    Ferguson*, 47 F.4th 1055, 1089, n.5 (9th Cir. 2022) ("We have cast doubt on
25  whether this [hybrid rights] exception exists, and we have not applied strict scrutiny
    to a challenged law on this basis."); *see also Jacobs v. Clark County Sch. Dist.*, 526
26  F.3d 419, 440 n.45 (9th Cir. 2008); *Whitlow v. California*, 203 F. Supp. 3d 1079,
    1086 n.4 (S.D. Cal. 2016) (rejecting "hybrid parental rights" argument that
27  plaintiffs' free exercise claim was subject to strict scrutiny, noting "[t]he 'hybrid
    rights' doctrine has been widely criticized, and, notably, no court has ever allowed
28  a plaintiff to bootstrap a free exercise claim in this manner").

1    argued in *Royce*. Like Plaintiffs here, the *Royce* plaintiffs also alleged that "secular

2    [medical] exemptions far outnumbered religious exemptions and [] religious

3    exemptions did not impact California's herd immunity rates." ECF No. 28 at 11;

4    see RJN, Ex. 15 at 21-29.

5         In terms of "labels" and "substance," there is substantial overlap in the issues

6    presented by plaintiffs in all three cases. ECF No. 28 at 11. Therefore, the third and

7    final threshold factor is met for invoking the first-to-file rule and the instant matter

8    should be stayed.

9    **II.    STAYING THE MATTER PROMOTES ECONOMY, CONSISTENCY, AND
         COMITY**

10

11        The first-to-file rule is primarily meant to alleviate the burden placed on the

12   federal judiciary by duplicative litigation and to prevent the possibility of

13   conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611

14   F.2d 738, 750 (9th Cir. 1979); *Alioto v. Hoiles*, No. C 04-1395, 2004 WL 2326367,

15   at *17-18 (N.D. Cal. Oct. 12, 2004) ("[T]he interests of justice and judicial

16   economy favor not allowing two parallel actions to proceed in different federal

17   districts."); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ("Increasing

18   calendar congestion in the federal courts makes it imperative to avoid concurrent

19   litigation in more than one forum.").

20        Unlike other applications of the first-to-file rule, where a district court stays a

21   matter pending the outcome of a case in a separate district, transfers a second-filed

22   action to the district of the first-filed action, or dismisses the second-filed matter

23   altogether, this Motion seeks a stay pending the outcome of a substantially similar

24   case before the Ninth Circuit. The Ninth Circuit itself has stated that "where the

25   first-filed action presents a likelihood of dismissal, the second-filed suit should be

26   stayed." *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 628 (9th Cir. 1991). The

27   Southern District granted CDPH's motion to dismiss with prejudice in *Royce* and

28   now that dismissal is on appeal and currently at the briefing stage before the Ninth

Circuit. *Royce*, 2025 WL 834769, at *5-14; RJN Ex. 15. Because Plaintiffs assert a nearly identical constitutional challenge as the plaintiffs in *Royce*, a decision by the Ninth Circuit will at the very least provide guidance, if not controlling authority, on the issues raised in the instant matter, and most likely obviate the need for further litigation. In their opposition, Plaintiffs do not refute that the Ninth Circuit's decision in *Royce* may present controlling authority on the instant matter.

Accordingly, the first-to-file rule should be applied to stay the instant matter and "maximize economy, consistency, and comity." *Kohn Law Group, Inc.*, 787 F.3d at 1240.

### III. PLAINTIFFS FAIL TO ESTABLISH EQUITABLE REASONS FOR DENYING A STAY

Plaintiffs contend that the Motion should be denied for equitable reasons but fail to provide any authority or facts to support this argument. District courts can exercise their discretion and dispense with the first-to-file rule for equitable reasons, which include "bad faith, anticipatory suit[s], and forum shopping." *Alltrade*, 946 F.2d at 628. Courts can also consider the stage of litigation with respect to the parties' equities. For example, in *Church of Scientology of California v. United States Department of Army*, the Ninth Circuit affirmed the district court's decision to dispense with the first-to-file rule in large part because the second-filed case had "already progressed to a judgment on the merits, an appeal, and a remand." 611 F.2d at 750. None of these equitable reasons are raised or apply here.

Instead, Plaintiffs argue that the Motion should be denied because a stay would preclude them from seeking preliminary injunctive relief. ECF No. 28 at 12. However, the Court has already denied Plaintiffs' application for temporary restraining order (TRO), determining that "Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm." ECF No. 22 at 3. Plaintiffs contend that urgent injunctive relief is required and "a stay traps [them] in a legal limbo." ECF No. 28 at 12. Yet,

1    Plaintiffs' allegations and actions have not reflected such urgency and are belied by
2    their own delay in moving this case forward.

3         Procedurally, Plaintiffs have contributed to their own delay. They have yet to
4    serve all Defendants in this matter despite filing their complaint on May 22, 2025.
5    ECF No. 1. To date, Plaintiffs have not filed any proofs of service for their
6    summons and complaint. *See* ECF No. 22 at 1. Instead, Plaintiffs have filed two
7    stipulations to continue the hearing on Plaintiffs' motion to proceed anonymously
8    and the Court's scheduling conference. ECF Nos. 23, 27. In both stipulations,
9    Plaintiffs admitted that participation from all Defendants is necessary and at least
10    four of the six Defendants have still not been served. ECF Nos. 23 at 2, 23-2 at 2,
11    27 at 2, 27-2 at 2. CDPH has not been served with the summons or complaint and
12    only specially appeared to file this Motion. Defendants Tony Thurmond as the
13    California State Superintendent of Public Instruction; Erik Nasarenko, as the
14    Ventura County District Attorney; and Sara Brucker, a Ventura County Deputy
15    District Attorney, have also not been served. ECF No. 1 at ¶¶ 10, 14-15. Plaintiffs
16    contend that litigation must urgently proceed because a "new school year is just
17    around the corner" but they have failed to take the required procedural steps to *start*
18    moving this case forward. ECF No. 28 at 12.

19         Substantively, Plaintiffs' allegations do not support an equitable
20    consideration of urgency and irreparable harm. As the Court noted in denying
21    Plaintiffs' TRO application, Plaintiff "Jane Doe was notified by December 2024
22    that her child would not be permitted to attend school until she could prove he was
23    fully vaccinated" and Plaintiffs did not file to seek preliminary injunctive relief
24    until May 2025. ECF No. 22 at 3. As the Court determined, "Plaintiffs have simply
25    not explained either why they waited this long to seek relief, or, conversely, why
26    they have an imminent need for relief now." *Id*. It is well-established that a
27    "plaintiff's delay in seeking relief weighs against granting a TRO or preliminary
28    injunction." *Perez v. City of Petaluma*, No. 21-cv-06190, 2021 WL 3934327, at *1

(N.D. Cal. Aug. 13, 2021); *see also Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (plaintiff's long delay in seeking a preliminary injunction "implies a lack of urgency and irreparable harm."). Plaintiffs cannot leverage their desire to obtain preliminary injunctive relief as a reason to deny this Motion when they have unreasonably delayed in seeking such relief.

Plaintiffs also claim that "[g]ranting a stay . . . empowers the Defendants to repeatedly criminally charge Jane Doe" for truancy. ECF No. 28 at 5, 12. This is patently false, and Plaintiffs have contributed to their own claims of harm. There are no allegations that Jane Doe has been charged or is being prosecuted for truancy. See ECF Nos. 1, 12, 22. More importantly, Jane Doe can avoid exposure to criminal liability for truancy by choosing another educational option for her child. California does not force children in the state to be vaccinated. The law simply requires that students obtain the required immunizations to attend public or private school in a classroom setting. Cal. Health & Saf. Code, § 120335. If parents do not want their children vaccinated, children can satisfy their educational requirements with a home-based private school or independent study program that does not include classroom-based instruction. *Id.*, § 120335(f). Thus, Jane Doe's claimed harm of being subjected to truancy proceedings can be avoided by pursuing an alternative educational option for her child. She has not done so. Accordingly, Plaintiffs' claim for urgency is unsupported.

In sum, all three threshold factors are met for applying the first-to-file rule. Plaintiffs fail to demonstrate any equitable reasons for why a stay pending the Ninth Circuit's decision in *Royce* should not be granted to maximize judicial economy, efficiency, and comity. In fact, Plaintiffs' own pleadings demonstrate that equitable considerations weigh in favor of a stay.

## CONCLUSION

For the foregoing reasons, CDPH respectfully requests that the Court stay the instant matter pending the outcome on appeal in *Royce* before the Ninth Circuit.

11

1    Dated: July 11, 2025

2                                          Respectfully submitted,

ROB BONTA
Attorney General of California
JULIE T. TRINH
Supervising Deputy Attorney General

*/s/ Jacquelyn Young*

JACQUELYN YOUNG
Deputy Attorneys General
*Attorneys for Defendant Erica Pan,*
*Director of the California*
*Department of Public Health*

SF 2025801746

12

1

**CERTIFICATE OF COMPLIANCE**

2       The undersigned, counsel of record for Defendant Erica Pan, in her official

3 capacity as the Director of the California Department of Public Health, certifies that

4 this brief contains 3,691 words, which complies with the word limit of L.R. 11-6.1.

5

6 Dated:  July 11, 2025               Respectfully submitted,

7                                       ROB BONTA

8                                       Attorney General of California

9                                       */s/ Jacquelyn Young*

10

11                                     JACQUELYN YOUNG
Deputy Attorney General

12                                     *Attorneys for Defendant Erica Pan,
Director of the California*

13                                     *Department of Public Health*

14 SF2025801746
WtP_Reply Brief.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **We the Patriots, et al. v. Ventura**        Case No.:   **2:25-cv-04659-AB-JC**
             **Unified School District, et al.**

I hereby certify that on <u>July 11, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CDPH'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY ACTION PENDING THE OUTCOME OF A SUBSTANTIALLY SIMILAR CASE**

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>July 11, 2025,</u> at Los Angeles, California.

<table>
<tr><td>_____<br>Anthony Conklin<br>Declarant</td><td>_____<br><i>Anthony Conklin</i><br>Signature</td></tr>
</table>

SF2025801746
67765276.docx