1  ROB BONTA
   Attorney General of California
2  JENNIFER PERKELL, State Bar No. 231276
   Supervising Deputy Attorney General
3  JACQUELYN Y. YOUNG, State Bar No. 306094
   KATHERINE GRAINGER, State Bar No. 333901
4  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3553
6   Fax:  (916) 731-2125
    E-mail:  Jacquelyn.Young@doj.ca.gov
7  *Attorneys for Defendant Erica Pan, in her official capacity as the Director of the California Department of Public Health*
8

9           IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WE THE PATRIOTS USA, INC.; JANE DOE, on her own behalf and on behalf of Child 1;**<br><br>Plaintiffs,<br><br>**v.**<br><br>**VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO, in his official capacity only; SARA BRUCKER, in her official capacity only; TONY THURMOND, in his official capacity only; ERICA PAN, in her official capacity only,**<br><br>Defendants. | 2:25-cv-04659-AB-JC<br><br>**DEFENDANT CDPH'S NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1**<br><br>Dept:         7B<br>Judge:       Hon. Andre Birotte, Jr.<br>Action Filed: May 22, 2025 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 83-1.3.1, Defendant Erica Pan, in her official capacity as the Director of the California Department of Public Health (CDPH), specially appears to file this Notice of Related Cases, and states as follows:

1. On May 22, 2025, Plaintiffs We the Patriots and Jane Doe filed the present action against Defendants, alleging that the California school vaccine law, in the absence of a personal belief exemption, violates their First Amendment right to the free exercise of religion.

2. On June 24, 2025, Plaintiff Shermeena Grimsby filed a separate action in this District against Defendant CDPH, similarly alleging that by not allowing for a religious exemption for vaccinations of school-aged children, California's school vaccine law violates her First Amendment right to free exercise of religion. (*See Grimsby v. Pan* (*Grimsby*), No. 5:25-cv-01575-JFW). The matter was assigned to the Hon. John F. Walter.

3. Pursuant to Local Rule 83-1.3.1, the present matter is related to the *Grimsby* matter because both actions (1) "arise from the same or closely related transaction, happening, or event;" (2) "call for determination of the same or substantially related or similar questions of law and fact;" and (3) "would entail substantial duplication of labor if heard by different judges."

4. Both the present matter and the *Grimsby* matter arise from the California Legislature's elimination of the personal belief exemption in 2016. *See* ECF No. 1 (Complaint), ¶¶ 18-19; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1 (Complaint), ¶¶ 5-6.

5. Both the present matter and the *Grimsby* matter call for determination of the same or substantially similar questions of law and fact. Parent plaintiffs in both cases allege that they refuse to vaccinate their children because of their religious beliefs, and that California's vaccine mandate for school-aged children, absent a personal belief exemption, violates their First Amendment Free Exercise rights by

conditioning their children's public or private school attendance on compliance with that mandate. *See* ECF No. 1, ¶¶ 48-53; ¶¶ 104-121; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1, ¶¶ 74-84. There is an identical threshold question of whether the school vaccine law is subject to rational basis or strict scrutiny review. Plaintiffs in both cases rely on *Tandon v. Newsom*, 141 S.Ct. 1294, 1296 (2021) and argue that this threshold question turns on whether the school vaccine law is neutral and generally applicable. ECF No. 1, at ¶101; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1, ¶¶ 77-78. Plaintiffs in both cases allege that because the challenged vaccine law provides for a "secular," medical exemption, the law lacks neutrality and general applicability, and thus, should be subject to strict scrutiny review. ECF No. 1, ¶¶ 71-105; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1, ¶¶ 85-97. Plaintiffs in both cases allege that California's school vaccine law is not narrowly tailored and, thus, does not survive strict scrutiny. ECF No. 1, ¶¶ 33-46; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1, ¶¶ 109-126.

6. Finally, both this case and the *Grimsby* case would entail substantial duplication of labor if heard by different judges because, as detailed above, the constitutional analysis for both cases is nearly identical. Moreover, Plaintiffs in both cases seek similar declaratory and injunctive relief, to enjoin the operation of California's vaccine law for school-aged children. *See* ECF No. 1 at 14-15; *Grimsby*, No. 5:25-cv-01575-JFW (C.D. Cal. June 24, 2025), ECF No. 1 at 34. Indeed, it is precisely for the forgoing reasons that though CDPH still has not been served with the complaint and summons in the present matter, CDPH nonetheless promptly filed its motion for stay upon learning of this action. CDPH's motion to stay is based on the first-to-file rule, which exists to prevent unnecessary duplication of court resources and the risk of conflicting federal court ruling on identical issues.

| | | |
|---|---|---|
| 1 | Dated: July 25, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | JENNIFER PERKELL |
| | | Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ Jacquelyn Young* |
| 6 | | |
| 7 | | JACQUELYN YOUNG |
| | | KATHERINE GRAINGER |
| | | Deputy Attorneys General |
| 8 | | *Attorneys for Defendant Erica Pan,* |
| | | *Director of the California* |
| 9 | | *Department of Public Health* |

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Doe v. Ventura Unified School District** | No. | **2:25-cv-04659-AB-JC** |

I hereby certify that on <u>July 25, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT CDPH'S NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 25, 2025</u>, at San Francisco, California.

| | |
|---|---|
| E. Santos | *E. Santos* |
| Declarant | Signature |

SF2025801746