# Exhibit 2

**THE NICOL LAW FIRM**
Jonathon D. Nicol, State Bar No. 238944
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: 816-514-1178
Facsimile: 816-327-2752
Email:  jdn@nicolfirm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY DOESCHER, STEVE DOESCHER, DANIELLE JONES, KAMRON JONES, RENEE PATTERSON, and DR. SEAN PATTERSON, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>TOMÁS ARAGÓN, in his official capacity as Department of Public Health Director and as the State Public Health Officer.<br><br>Defendant. | Case No.: 2:23-cv-02995-KJM-JDP<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY DEMANDED**<br><br>**[42 U.S.C. § 1983]** |

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 3 of 28    Page ID
#:1125
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 2 of 27

## COMPLAINT

Is it within California's authority to require families with sincere religious convictions to vaccinate their children for school enrollment, while at the same time granting secular families an exemption from school-vaccination mandates on medical grounds?  Such a policy violates the United States Constitution; therefore, Plaintiffs request declaratory and injunctive relief.  Plaintiffs allege as follows:

## INTRODUCTION

1.    This action challenges the constitutionality of Senate Bill (SB) 277[1] under the Free Exercise Clause.

2.    SB 277 eliminated the option for parents to object to vaccinations required to attend public or private school on personal grounds, including based on their religious convictions.  The absence of a rational, let alone compelling, justification for removing religious exemptions to school-required vaccinations raises constitutional questions, especially when religiously exempt students do not pose a greater risk than secularly exempt students.

3.    California stands out as one of a handful of states denying religious students the benefits of private or public education.  A recent decision by a United States District Court found that Mississippi's compulsory-vaccination law (a law similar to SB 277) violated the Free Exercise Clause by excluding religious exemptions.[2]  The Wyoming Supreme Court, in an effort to construe a school vaccination mandate to be constitutional, modified it to include a religious exemption, acknowledging the legislature's lack of authority to infringe on religious exercise.[3]

---

[1] Codified at Cal. Health & Saf. Code §§ 120325-120375.

[2] *Bosarge et al. v. Edney et al.*, United States District Court for the Southern District of Mississippi, Case No. 1:22-cv-00233-HSO-BWR.

[3] *In re LePage*, 18 P.3d 1177 (Wyo. 2001).

2

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 4 of 28    Page ID
#:1126
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 3 of 27

4.      Plaintiffs hold unwavering, sincere religious beliefs that prohibit them from vaccinating themselves or their children. California's mandate, requiring various vaccines for students entering public or private schools (Cal. Health & Saf. Code §§ 120325-120375), places Plaintiffs' children at a disadvantage, depriving them of educational access and socialization enjoyed by their secular counterparts.  This unconstitutional mandate has injured the Plaintiffs in many ways, as set forth in detail below.

5.      SB 277 encroaches upon and deprives Plaintiffs' First Amendment rights under the United States Constitution.  Consequently, Plaintiffs seek a declaratory judgment and an injunction to prevent Defendant from enforcing a law that lacks provisions for religious accommodation.

## JURISDICTION AND VENUE

6.      This is a federal question action under 42 U.S.C. § 1983.

7.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.§§ 1331 and 1343(a), this being an action arising under, and for the violations of, federal laws.  This action arises under the First and Fourteenth Amendments to the United States Constitution.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district

9.      This Court has authority to grant the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure.  This Court is also authorized to grant injunctive relief and damages under 28 U.S.C. § 1343, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

///

///

///

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# PARTIES

**A.    Plaintiffs**

10.    Religious exemptions to vaccinations in the school context are based on a *parent's* religious beliefs because *parents* decide the religious habits of their children. *Wisconsin v. Yoder*, 406 U.S. 205, 233 (1972).  Courts do not involve themselves with getting between parents and children.  In all states that have directly considered the issue (including, without limitation, Washington, Michigan, Pennsylvania, Arizona, and Mississippi), courts have ruled that the religious objections of the familial unit, as expressed by the parents, are determinative.

11.    Furthermore, parents make their child's educational decisions.  And of course, parents make their child's healthcare decisions – including whether to be vaccinated or not.

12.    Plaintiffs' children are all entitled to benefit from the fundamental right to education provided for by the California constitution.

13.    Each of Plaintiffs has suffered a concrete and actual injury in fact, experiencing a real and present harm, due to the Defendant's actions.  Those harms have included substantial burdens – just because Plaintiffs exercise their religious beliefs – including financial burdens, the inability to use and enjoy a government benefit (public education), changes in behavior (including foregoing employment opportunities because of the need to homeschool their children), and societal stigma that has caused real psychological manifestations.  There can be no doubt here that Defendant is treating comparable secular activity and secular students (many classes who Defendant allows to attend school unvaccinated) more favorably than those who choose to exercise their religious beliefs, with concrete and actual injuries to Plaintiffs.

**Amy and Steve Doescher**

14.    Plaintiffs Amy Doescher and Steve Doescher are citizens of California and reside in Placerville.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 6 of 28    Page ID
#:1128
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 5 of 27

15.     The Doeschers are parents of one school-aged child:  A.D. (16-years-old).
A.D. received some vaccinations earlier in life, but the Doeschers do not plan to
vaccinate her further.  A.D. attends a charter school under independent-study guidelines.
A.D. is exempt from SB 277 and attends the charter school two days a week in person.
At the same time, A.D. is not permitted to attend school outside of the independent-study
framework in person more than two days a week because of not being fully vaccinated.
A.D.'s charter school does not support socialization, as A.D. may only attend school for
two days a week, then go home to complete homework.

16.     A.D. is caught in between a rock and a hard place.  Her sincere religious
beliefs prevent her from being vaccinated.  And her school prevents her from having the
typical interactions with children that "normal" children get.  This has caused much
stigma for A.D., as children wonder why she is not allowed to attend the full menu of
school and school activities.  And the sad truth is, the only answer is her religious beliefs
are not accommodated.

17.     As a result, A.D. must engage in outside activities such as gymnastics to
make up for the socialization shortcomings caused by SB 277.  The Doeschers spend
approximately $10,000.00 per year on independent-study costs, such costs that they
would not otherwise have to incur if California offered a religious exemption for A.D.
herself or for the Doeschers to secure a religious exemption on A.D.'s behalf.

18.     The Doeschers and A.D. also suffer injury by way of the inadequate
socialization inherent to independent study, with limited opportunities for building
friendships, academic colleagues, and other social connections otherwise available to
students in California's traditional school systems.

19.     The Doeschers attend District Church in El Dorado Hills, California.  Both
of the Doeschers have gone on medical mission trips.  The Doeschers tithe monthly.
Steve Doescher leads a junior high ministry youth group at Church of the Foothills in
Cameron Park, California.  The Doeschers prayed extensively and consulted the Bible

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC     Document 35-2     Filed 07/25/25     Page 7 of 28     Page ID
#:1129
Case 2:23-cv-02995-KJM-JDP     Document 35     Filed 12/09/24     Page 6 of 27

when deciding whether or not to vaccinate their children, and they arrived at the firm religious conviction that vaccinations violate their creed.

20.     The Doeschers wish for A.D. to attend public school in California, in-person, five days a week, free from religious discrimination.  But in order for the Doeschers' wish to come true, they would have to forego exercising their religious freedom and instead submit to SB 277's vaccination requirements, which currently lack a religious exemption.  The Doeschers would in fact enroll A.D. in full-time public school if it were not for the state's vaccination laws.  However, because A.D. has not received all required vaccines, A.D. is unable to enroll in public or private school and interact with her friends, whom she is permitted to attend church with and interact with frequently outside of church.

21.     Ironically, Steve Doescher, who is a teacher at John Adams Academy in El Dorado Hills, California, submitted a religious exemption to vaccination requirements request for himself through his employer that was granted without issue.  There is no reason for California to treat children more poorly than it treats adults.

**Danielle and Kamron Jones**

22.     Plaintiffs Danielle and Kamron Jones are citizens of California and reside in Napa.

23.     The Joneses are parents to four school-aged children:  K.J. (14-years-old); A.J. (11-years-old); J.J. (10-years-old); and H.J. (7-years-old).  Of these four children, K.J. is partially vaccinated, and the other three children are not vaccinated.

24.     The Joneses attempted to enroll all of their children in public school via the Napa Valley Unified School District, including K.J. in public high school as recently as May 2024.  All of the Joneses' children's enrollments were rejected for failing to show proof of having all required immunizations in accordance with SB 277.  As a result, the Joneses have been forced to homeschool their children.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

25.     The Joneses spend approximately $4,300.00 per year on homeschooling costs for their children, costs they would not otherwise have to incur if California offered a religious exemption for the Joneses' children themselves or for the Joneses to secure religious exemptions on their children's behalf.  Danielle Jones also has lost significant wages and has had to forego professional opportunities due to having to homeschool her children.  Indeed, SB 277 does not force the non-religious to forego employment to home school, just the religious.

26.     In addition to the financial burden and loss that homeschooling brings, the Joneses must sacrifice significant time and resources to find socialization options for their children, such as extracurricular activities.  Homeschooled children like the Joneses' are not automatically socialized as they would be in public or private school, so they must seek out socialization options for their children that are outside of schooling.

27.     Therefore, everyone in the family has been injured.  The family has suffered financially, losing out on benefits and rights (a public education) that are protected by California law, and extended to all other families, save the ones with religious beliefs like theirs.  The children have been injured, not just financially, but in losing the tremendous benefits of a public education and being able to socialize in that way with their peers.  Their education and their educational experience have been inferior to that which occurs in public school.  And Danielle Jones has lost out on significant wages and professional opportunities, all so she and her children can remain faithful to their sincerely held religious beliefs.  No one should have to do that.

28.     The Joneses have a long history of deep involvement in their religion.  About 15 years ago, the Joneses founded their own Christian church due to a sense of duty and being called by God.  After starting their church, the pastor of The Rock Worship Center suggested that the two churches merge, which they did.  Soon after merging, the pastor of The Rock Worship Center retired, and the Joneses took over as lead pastors.  The Joneses have been lead pastors for ten years.  The Joneses tithe every

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 9 of 28    Page ID
#:1131
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 8 of 27

month.  The Joneses seek the Holy Spirit regarding all aspects of health for their family, and trust in His leading when making decisions regarding what will be placed in their children's bodies.  The Joneses prayed extensively and consulted the Bible when deciding whether or not to vaccinate their children, and they arrived at the firm religious conviction that vaccinations violate their creed.

29.    The Joneses wish for their children to attend public school free from religious discrimination.  But in order for the Joneses' wish to come true, they would have to forego exercising their religious freedom and instead submit to SB 277's vaccination requirements, which currently lack a religious exemption.  The Joneses would in fact enroll their children in public school if it were not for the state's vaccination laws.  The Joneses would like their children to attend public school, but the schools will not accept their children without the necessary vaccinations.  Receiving the required vaccinations would be violative of the Joneses' religious beliefs.

**Renee Patterson and Dr. Sean Patterson**

30.    Plaintiffs Renee and Dr. Sean Patterson are citizens of California and reside in El Dorado Hills.

31.    The Pattersons' religious beliefs about vaccination date to 1999, after hearing a man preach about vaccines being antithetical to the Bible and the Book of Revelation.  That sermon referenced a parable about blood pressed from grapes, likened the human cardiovascular system to the rivers in the parable, and expressed the belief that vaccines violate biblical principles.  In 2003 and 2004 in Sacramento, California, the Pattersons and their fellow church members protested legislation seeking to discriminate against religious rights in the vaccine context.  This protest arose from God telling Dr. Patterson that this is *his* fight.  The Pattersons prayed extensively and consulted the Bible when deciding whether or not to vaccinate their children, and they arrived at the firm religious conviction that they must not vaccinate.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 10 of 28    Page ID
#:1132
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 9 of 27

32.    The Pattersons are parents to a 17-year-old school-aged child, C.P.  C.P. is not vaccinated with no plans for future vaccinations.  C.P. currently attends public school where vaccinations are mandatory.

33.    Yet every day, the Pattersons and C.P. fear imminent enforcement of SB 277 which would result in C.P.'s disenrollment.  The school district and the state have distributed unequivocal and pointed missives stating clearly that children who do not meet the vaccination mandate will not be allowed to attend school.  The Pattersons and C.P. fear that because SB 277 discriminates against their religious beliefs, C.P. may soon be forced to change where he attends school – and thus lives in fear of the significant downstream effects of moving schools, changing social groups, leaving teams and clubs, etc.

34.    The Pattersons wish for C.P. to attend public or private school in California free from religious discrimination, and free from the Pattersons' and C.P's constant fear that C.P. will be disenrolled without warning and with negative, stressful, and disruptive effects on them.

35.    The Pattersons have been disheartened by watching C.P. be excluded from the schools that are funded by their tax dollars.  They and C.P. have lost friendships, been spoken to inappropriately, and been treated unfairly.  Members of the public have directed hurtful comments at the Pattersons and C.P., accusing them of endangering others due to their unvaccinated status.  This treatment arises directly from the Pattersons' opposition to SB 277.  SB 277 has isolated the Patterson family within the community, leading to social stigma and exclusion.

36.    For the Pattersons, C.P.'s loss of friendships and suffering negative attention are not merely an injury to C.P. but to them as parents as well.  Watching C.P. struggle with loneliness and rejection deeply affects the Pattersons' emotional well-being and undermines their efforts to provide a nurturing environment.  They grieve alongside C.P., feeling the pain of strained or broken relationships as a personal failure or injustice.  This

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

emotional toll compounds the burden the family already bears due to their principled opposition to SB 277 and the resulting ostracism.

**Burdens on All Plaintiffs**

37.    SB 277 unconstitutionally burdens Plaintiffs because it forces them to forego their religious beliefs in order for their children to receive a public or private education and at the same time they suffer financial burdens, the inability to use and enjoy a government benefit (public education), changes in behavior (including foregoing employment opportunities because of the need to homeschool their children), and societal stigma.

38.    The inability to exercise religious practices constitutes an injury.  Even indirect restrictions on religious exercise are considered an injury if they burden the practice of religion, as SB 277 does.  *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 533 (1993); *Sherbert v. Verner*, 374 U.S. 398 (1963).

39.    SB 277 prevents Plaintiffs from giving their children the same educational opportunities as non-secular students, resulting in actual and concrete injuries to them and their children.  There is no legal reason to force religious people – who *cannot* comply with the vaccination requirements due to their sincerely held beliefs – to be treated differently, or to bear great financial expense, which are constitutional violations.

**B.    Defendant**

40.    Defendant Tomás Aragón is made party to this Action in his official capacity as the Department of Public Health Director and as the State Public Health Officer.  Under California law, Dr. Aragón is tasked with implementing and enforcing, and does implement and enforce, the mandatory immunization requirements of SB 277 for school-aged children.  He guides and instructs school districts on the state's vaccination requirements, and how religious beliefs offer no succor.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 12 of 28    Page ID
#:1134
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 11 of 27

# **FACTUAL ALLEGATIONS**

***General Background of Compulsory Childhood Vaccination in California***

41.    In 1960, the California Legislature began vaccination requirements for school-age children, including a limited religious exemption for members of recognized denominations relying on prayer for healing.

42.    California required vaccines for school entry in 1961, including a single polio vaccination, and introduced a personal belief exemption (PBE) allowing parents to exempt children based on religious or spiritual beliefs.

43.    Throughout the 1970s and 1990s, the state expanded vaccination requirements to include multiple diseases, with all requirements allowing for a PBE based on sincerely held religious beliefs

44.    In 2012, AB 2109 mandated PBEs be signed by a doctor, with Governor Brown directing the California Department of Public Health to maintain religious exemption alternatives.

45.    By 2014, only 2.5% of students held PBEs, with just 0.7% completely unvaccinated, and most students being partially vaccinated.

***SB 277:  Removal of California's PBE and Its Religious Exemption***

46.    In 2015, the California Legislature passed SB 277, which abolished the PBE, thereby removing parents' ability to decline school-required vaccinations based on their sincerely held religious beliefs.  Nonetheless, SB 277 includes several exemptions to school vaccination requirements, including:

   a.  Medical exemptions (Cal. Health & Safety Code § 120370(a));

   b.  Exemptions for "home-based private school or…an independent study program[,]" (*Id*. at § 120335(f)); and

   c.  Exemptions for students who qualify for an individualized education program ("IEP") (*Id*. at § 120335(h)).

11

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

47.    Medical exemptions are not temporary in nature.  An exemption is provided for the entire duration that the student has their medical condition.  There is no basis to suggest that a student who has a medical contraindication to the school-mandated vaccines will overcome that condition and be medically cleared to the vaccines during the school year.

48.    Federal law may require the implementation of IEPs, but that does not give California justification to discriminate against students with religious exemptions.  In a similar lawsuit filed in the Northern District of California, Santa Clara County tried to justify prioritizing medical exemptions to the COVID-19 vaccine over religious ones by citing federal and disability law.  *UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2022 WL 2357068, at *10 (N.D. Cal. June 30, 2022).  The court rejected this contention and enjoined the practice, stating, "under the Supremacy Clause, the edicts of the federal Constitution trump any obligation to comply with federal or state statutory or regulatory requirements." *Id*.

49.    Students qualifying for one of SB 277's exemptions to school-vaccination requirements are still free to participate in sports and extra-curricular activities with other students who attend their local school districts.  Unvaccinated students sitting in a classroom setting pose no greater risk than exempt students who participate in sports or extra-curricular activities with vaccinated schoolmates.

50.    California also allows migrant students, homeless children, military families and children, and foster youth to attend public and private schools without proof of vaccination:

a.    Foster Care Children:  Section 48850(f)(8)(B) of the Education Code was amended this year to provide that when foster care children are transferred to a new school, the school "shall immediately enroll the foster child even if the foster child…is unable to produce…records normally required for enrollment, such as…proof of immunization history…"

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC   Document 35-2   Filed 07/25/25   Page 14 of 28   Page ID
#:1136
Case 2:23-cv-02995-KJM-JDP   Document 35   Filed 12/09/24   Page 13 of 27

    b. <u>Homeless Children</u>:  Section 48852.7(c)(3) of the Education Code provides that to "ensure that the homeless child has the benefit of matriculating with his or her peers in accordance with the established feeder patterns of school districts…[t]he new school shall immediately enroll the homeless child even if the child…is unable to produce…records normally required for enrollment…including, but not limited to, records or other proof of immunization history…"

        i. This section does not require proof of residency or citizenship, allowing undocumented and unvaccinated migrant students to enroll in school.

    c. <u>Military Families</u>:  Section 48204.6(c)(3) of the Education Code provides that to "ensure that the pupil who is a child of a military family has the benefit of matriculating with his or her peers in accordance with the established feeder patterns of school districts…[t]he new school shall immediately enroll the pupil who is a child of a military family even if the child…is unable to produce…records normally required for enrollment…including, but not limited to, records or other proof of immunization history…"

Notably, none of these statutory provisions require students to provide proof of vaccination within a certain period.

    51.    Defendant has allowed many schools to permit foster children, homeless children, and migrant students to enroll in school unvaccinated for the entire duration of the school year, as allowed by state law.  There is no valid legal reason to treat devout religious students differently from, say, homeless children.

    52.    The state does not uniformly force school districts to disenroll students if they do not provide proof of vaccination within thirty days.  There are circumstances

13

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 15 of 28    Page ID
#:1137
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 14 of 27

when school districts, including schools in the Inland Empire of California, spend the entire school year trying to ensure that such students are compliant.

53.    The rolling admission of foster youth, homeless students, migrants, and military families pose a risk of spreading disease.  The moment one of these unvaccinated students steps foot on campus, they present the same health and safety risks as an unvaccinated religious student.  There is no evidence to suggest that an unvaccinated student is immune from contracting or spreading disease for ten days or thirty days.

54.    Indeed, if anything, children living in homeless circumstances or shelters are more likely to be exposed to the kinds of conditions that would spread disease than children living in stable, religious homes.  California has one of the highest rates of children in foster care than any other state.  Homelessness and immigration have steadily increased in California over the past decade.  The average rate of students experiencing homelessness in California is around 4%, with some regions like Monterey and Santa Barbara experiencing rates above 10%.  Scientific studies have shown that migrant students and students experiencing homelessness or living in foster homes are at increased risk of spreading disease due to a multitude of factors, including lack of access to hygiene and healthcare facilities.  Thus, migrant children, homeless children, and children living in foster homes are a greater contagion hazard than unvaccinated students with religious exemptions.

55.    Strikingly, when deliberating SB 277, the California State Senate's Judiciary committee admitted that repealing the PBE "effectively repeals any possible religious exemptions" and ***might conflict with the Free Exercise Clause***.[4]

---

[4]  See Senate Judiciary Committee Hearing, April 27, 2015, at page 16, available at: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160SB277# (accessed December 7, 2024).

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 16 of 28    Page ID
#:1138
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 15 of 27

56.     A dichotomy exists parents are able to continue with work without being vaccinated under an exemption due to their sincerely held religious beliefs, but their children are not afforded the same exemption to attend public or private school in California.

57.     California has school vaccination rates that are higher than the national average for each disease required for school entrance.[5]  Research confirms that herd immunity is achieved against contagious diseases when vaccinations rates reach 80% to 95%.[6]  If the small group of devoted vaccination objectors could exercise religious exemptions to school-required vaccinations, infection rates would not rise with any statistical significance.  Thus, there can be no overriding governmental interest that justifies the infringement on religious belief.

58.     California is unable to establish that students with religious exemptions to vaccinations present a higher risk compared to those with secular exemptions.

59.     SB 277 is further irrational considering that those vaccinated against certain diseases, such as Measles, can still develop infections.  These students are allowed to go home and congregate with unvaccinated family members or family members who no longer have immunity or have waning immunity.

60.     A significant number of individuals are also anergic to vaccines, meaning they can never mount antibodies no matter how protected they are by vaccines.  Thus, there is no evidence to suggest that a ban on religious exemptions is justified considering

---

[5] *See* American Academy of Pediatrics, *Child Vaccination Across America*, available at: https://downloads.aap.org/AAP/Vaccine/index.html (accessed December 7, 2024).

[6] See Carrie MacMillan, *Herd Immunity: Will We Ever Get There?*, Yale Medicine, May 21, 2021, available at:  https://www.yalemedicine.org/news/herd-immunity (accessed December 7, 2024).

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC   Document 35-2   Filed 07/25/25   Page 17 of 28   Page ID
#:1139
Case 2:23-cv-02995-KJM-JDP   Document 35   Filed 12/09/24   Page 16 of 27

a significant number of non-immune students are congregating with each other including those who are anergic and those who no longer have immunity.

61.     California is one of only five states that does not offer a religious exemption from compulsory school-vaccination laws. [7]

62.     In 2001, in the matter *In re LePage*, 18 P.3d 1177 (Wyo. 2001), the Supreme Court of Wyoming held that the state Department of Health was not authorized to inquire about the sincerity of a mother's religious beliefs when determining whether her daughter was exempt from a public school immunization requirement.  The Supreme Court of Wyoming held that that department is required to grant an exemption upon the submission of a written objection and does not allow the department to make an inquiry into the sincerity of the requestor's religious beliefs.  In reversing, the court balanced a valid state interest in protecting schoolchildren from disease with the relatively low number of requests for exemption and its confidence in parents to make decisions in the best interest of their children's physical and spiritual health.

63.     Arkansas previously had a limited religious exemption to school-required vaccinations similar to that allowed in California in 1960.  In *Boone v. Boozman*, 217 F. Supp. 2d 938 (E.D. Ark. 2002), a mother who possessed religious objections unrecognized by the Arkansas statute challenged the limited religious exemption on First Amendment grounds.  *Boone*, *supra*, 217 F. Supp. 2d at 951.  The court held that the limitation of the statutory exemption to a "recognized church or religious denomination" violated the Free Exercise Clause.  *Id*.

64.     More recently, in *Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (*per curiam*), the U.S. Supreme Court ruled that a law is not neutral and generally applicable, and thus

---

[7] *See* National Conference of State Legislatures, *States With Religious and Philosophical Exemptions From School Immunization Requirements*, last updated August 3, 2023, available at:  https://www.ncsl.org/health/states-with-religious-and-philosophical-exemptions-from-school-immunization-requirements (accessed December 7, 2024).

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

invokes strict scrutiny, if it treats "*any* comparable secular activity more favorably than religious exercise." *Id*. at 1296 (emphasis in original). *See, e.g., Fulton v. City of Phila.*, 141 S. Ct. 1868, 1877 (2021) (lack of general applicability alone triggered strict scrutiny review); *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1729 (2018) (non-neutrality alone invoked strict scrutiny).

65.    In *Tandon*, California regulations intended to slow the spread of COVID-19 limited religious gatherings, but treated comparable secular activities – such as getting haircuts and retail shopping – more favorably. *Id*. at 1297. *Tandon* is controlling precedent, and one of the primary bases of Plaintiffs' case.

66.    The Supreme Court employed similar reasoning in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 141 S. Ct. 63 (2020), holding that a New York regulation that prohibited religious gatherings but permitted similar secular conduct violated the First Amendment where the secular and religious activities in question presented comparable contagion risks. *Id*. at 67.

67.    Most recently, in *Bosarge, supra,* (Para. 3, fn. 2), the plaintiffs contended that Mississippi's mandatory vaccine statute requiring students to be vaccinated in order to attend public and private Mississippi schools violated their rights under the Free Exercise Clause. The plaintiffs' minor children were unvaccinated due to their *parents'* religious beliefs. The plaintiffs claimed that due to Mississippi's compulsory vaccination law, their children had not been allowed to enroll at public or private schools in the State of Mississippi.

68.    The *Bosarge* court granted both summary judgment and a permanent injunction in favor of the plaintiffs:

"Because Mississippi affords a discretionary medical exemption process by statute, it must similarly afford a religious accommodation process. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1876 (2021). For these reasons, and those set forth in the Court's preliminary injunction order (Dkt. 77),

17

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 19 of 28    Page ID
#:1141
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 18 of 27

[Mississippi's compulsory vaccination law] is DECLARED unconstitutional as applied to Plaintiffs, who have sincerely held religious beliefs about vaccination." (Dkt. 87.)

The *Bosarge* court permanently enjoined the defendants from enforcing Mississippi's compulsory vaccination law unless they provided an option for requesting a religious exemption. (Dkt. 87.)

69.    While California forbids even *submitting* a religious exemption for school-required vaccinations at school enrollment, California has granted tens of thousands of medical exemptions over the past several decades. California employers, colleges, and universities also have granted thousands of religious exemptions during this same time period. At no time have any of these exemptions caused a disease outbreak.

70.    Notably, after constitutional challenges to the University of California's and the California State University's lack of religious exemptions to vaccinations, both education systems this year implemented a religious exemption protocol.

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – VIOLATION OF PLAINTIFFS' FIRST AMENDMENT FREE EXERCISE RIGHTS WITH RESPECT TO

## PLAINTIFFS' SINCERELY HELD RELIGIOUS BELIEFS

71.    Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

72.    The First Amendment of the U.S. Constitution provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." The Fourteenth Amendment applied the First Amendment to the states. *Cantwell v. Connecticut*, 310 U.S. 296 (1940).

73.    Parents have the right to "direct the religious upbringing of their children" and "when the interests of parenthood are combined with a free exercise claim […] more than merely a 'reasonable relation to some purpose within the competency of the State' is

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 20 of 28    Page ID
#:1142
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 19 of 27

required to sustain the validity of the State's requirement under the First Amendment." *Wisconsin v. Yoder*, 406 U.S. 205, 233 (1972).

74. The Supreme Court has repeatedly recognized that "[t]he free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires." *Employment Div. v. Smith*, 494 U.S. 872, 877 (1990).

75. "In applying the Free Exercise Clause, courts may not inquire into the truth, validity, or reasonableness of a claimant's religious beliefs." *Hobbie v. Unemployment Appeals Comm'n*, 480 U.S. 136, 144 n.9, (1987). The "guarantee of free exercise is not limited to beliefs which are shared by all of the members of a religious sect." *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715-16 (1981).

76. Courts should not inquire into the validity or plausibility of a person's beliefs; instead, the task is to determine whether "the beliefs professed [] are sincerely held and whether they are, in [a believer's] own scheme of things, religious." *United States v. Seeger*, 380 U.S. 163, 185 (1965).

77. Plaintiffs' sincerely held religious beliefs, which prohibit them from vaccinating their minor children, have been unconstitutionally burdened by California. SB 277 unconstitutionally burdens Plaintiffs because it forces them to forego their religious beliefs for their children to receive a public or private education. California has pitted Plaintiffs' consciences and creeds against educating their children. Nevertheless, Plaintiffs' children cannot obtain a formal education and everything that comes with it (socialization, network effects, etc.) without violating their religious convictions.

78. Further, A.D., and other independent study students exempt from SB 277, can attend charter schools in person two days a week unvaccinated, yet are not permitted to attend school outside of the independent study framework in person more than two days a week because of not being fully vaccinated. Diseases do not know what day of the week it is.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC     Document 35-2     Filed 07/25/25     Page 21 of 28     Page ID
#:1143
Case 2:23-cv-02995-KJM-JDP     Document 35     Filed 12/09/24     Page 20 of 27

79.     The Free Exercise Clause protects against "indirect coercion or penalties on the free exercise of religion, not just outright prohibitions." *Carson v. Makin*, 142 S. Ct. 1987 (2022) (quoting *Lyng v. Northwest Indian Cemetery Protective Assn.*, 485 U. S. 439, 450 (1988). "In particular, we have repeatedly held that a State violates the Free Exercise Clause when it excludes religious observers from otherwise available public benefits." *Id*.

80.     However, California families with secular, medical motivations for declining compulsory immunization can be exempted from the same requirements. Children who are homeless, or who come from foster or military families, can also be exempted from the same requirements in perpetuity, as is the case in some California school districts.

81.     California has made an unconstitutional value judgment that secular motivations for opting out of compulsory immunization are permitted, but that religious motivations are not. While California may have a general healthcare interest in promoting childhood immunization, the Free Exercise Clause prohibits the government from enacting non-neutral and non-generally applicable legislation unless it is narrowly tailored to a compelling government interest. The Free Exercise Clause "protects not only the right to harbor religious beliefs inwardly and secretly. It does perhaps its most important work by protecting the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through the performance of (*or abstention from*) physical acts." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022); 2022 WL 2295034; 2022 U.S. LEXIS 3218 (emphasis added).

82.     A government policy will not qualify as neutral if it is "specifically directed at . . . religious practice." *Id*. at *27. A policy can fail this test if it "discriminate[s] on its face," or if a religious exercise is otherwise its "object." *Id*.

83.     For multiple reasons, California's SB 277 is neither neutral nor generally applicable. Government regulations "are not neutral and generally applicable, and therefore trigger strict scrutiny under the free exercise clause of the First Amendment,

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 22 of 28    Page ID
#:1144
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 21 of 27

whenever they treat any comparable secular activity more favorably than religious exercise." *Tandon*, 141 S. Ct. at 1296.  *See also Thoms v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-21-01781-PHX-SPL, at *16 (D. Ariz. Nov. 5, 2021) (concluding that a college's COVID-19 vaccine policy was not generally applicable, triggering strict scrutiny under the First Amendment, because "Plaintiffs presented evidence . . . that Defendant has made at least one exception" to the policy).

84.     Whether two activities are comparable for purposes of the Free Exercise clause depends on "the asserted government interest that justifies the regulation at issue." *Id*.  Here, with regard to regulating the conduct of its secular and religious citizens, the government holds the same interest in preventing disease.  Further, the secular and religious activities at issue are not only comparable, but they are also exactly the same (seeking exemption from compulsory vaccination).

85.     Additionally, the government "fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Fulton, supra,* 141 S. Ct. at 1877 (citations omitted).  California's elevation of secular objections above religious objections is not the result of random happenstance, but rather of deliberate exclusion.  The California Legislature intentionally erased a pre-existing personal belief exemption for school-required vaccinations, thereby removing a religious exemption option, and in close temporal proximity enacted a medical exemption to SB 277.

86.     Even if California could show that it did not target religious conduct for intentional exclusion (it cannot), its mandatory immunization regulations invoke heightened scrutiny because the statute fails the general-applicability test.  A law "lacks general applicability if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way."  *Id*.  While California may have a general healthcare interest in promoting childhood vaccination, its interest is not so extraordinary as to prohibit an exemption for secular reasons, which poses a

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 23 of 28    Page ID
#:1145
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 22 of 27

similar contagion hazard as a hypothetical religious exemption.  Further, California does not prohibit unvaccinated children from attending camp, visiting public libraries or museums, or from interacting with their peers in any other way.  Nor does California require that adult faculty, staff members, or school visitors provide proof of immunization.  Indeed, the plaintiffs include a schoolteacher, from the same household as one of his unvaccinated children – who was able to obtain a work religious exemption – while the state simultaneously denies his children the fundamental right to an education at that same school.

87.    California's vaccination laws fail the general applicability test on additional, alternative grounds because the medical exemption system provides for individualized discretionary review.  "The creation of a formal mechanism for granting exceptions renders a policy not generally applicable . . . ."  *Id*. at 1879.  In such instances, the government may not refuse to extend the possibility for an exemption "to cases of religious hardship without compelling reason."  *Id*. at 1872.

88.    Because its medical-exemption process provides for discretionary review at multiple levels, California's SB 277 fails the general-applicability test.  California has instituted a system of customized review – delegated first to private physicians and second to the clinical staff at CDPH "with expertise in immunization" – who at each level conduct individualized review of every exemption in order to make a determination.

89.    Therefore, for multiple reasons, California's SB 277 invokes heightened judicial scrutiny.  California's SB 277 cannot withstand strict scrutiny because it is not narrowly tailored.  In the context of government regulations targeting infectious disease, "narrow tailoring requires the government to show that measures less restrictive of the First Amendment activity could not address its interest" in reducing disease.  *Tandon*, 141 S. Ct. at 1296-97.  Where utilization of such less restrictive means is required, the government "may no more create an underinclusive statute, one that fails truly to promote its purported compelling interest, than it may create an overinclusive statute, one that

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 24 of 28    Page ID
#:1146
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 23 of 27

encompasses more protected conduct than necessary to achieve its goal." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 578 (1993).

90.    Regarding under-inclusivity, where the government permits secular activities, such as a medical exemption, "it must show that the religious exercise at issue is more dangerous." *Tandon*, 141 S. Ct. at 1297.  When a law is over-inclusive, its "broad scope . . . is unnecessary to serve the interest, and the statute fails for that reason." *Lukumi*, 508 U.S. at 578.

91.    California's SB 277 cannot withstand heightened scrutiny because it is both over-inclusive and under-inclusive relative to the state interests it purportedly attempts to achieve.  Instead of regulating with the surgical precision necessary to avoid conflict with its citizens' free exercise rights, California has deployed a blunt legislative hammer and, in one stroke, obliterated every possibility for religious observance.

92.    California's compulsory-immunization scheme is under-inclusive because it only applies to children in a school setting.  The mandate does not apply to non-school attending children (who regularly and unavoidably interact with their peers) nor to adults in the state, who comprise over 77% of California's population.

93.    SB 277 is also under-inclusive because children possessing a religious exemption for school-required vaccinations would pose no greater threat than their secular peers with a medical exemption.  Moreover, the immunization requirements do not apply to adults who are employed in California's school system, or to school visitors.

94.    Further, the existence of a religious exemption to vaccinations for attending school would have an immaterial impact on the number of individuals vaccinated in California overall given that it does not apply to adults.  Nor would the existence of a religious exemption materially impact the overall percentage of vaccinated school children.

95.    Given that California boasts one of the highest school vaccination rates in the country, allowing a religious exemption for a handful of students, just as secular

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

medical exceptions are permitted, would constitute an actual attempt at narrow tailoring. Because California's SB 277 is simultaneously too narrow and too broad to fulfill the government interests in supposedly attempts to accomplish, the regulation lacks the narrow tailoring necessary to survive strict scrutiny review.  Accordingly, the presence of a vaccination medical exemption and the intentional removal of the PBE, and thereby a religious exemption through SB 277, has violated and continues to violate Plaintiffs' rights to free exercise of religion.

96.    "The loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Because of Defendant's actions, Plaintiffs have suffered and continue to suffer irreparable harm.

97.    Absent injunctive and declaratory relief prohibiting Defendant from enforcing the unconstitutional aspects of SB 277, Plaintiffs will continue to be harmed.

98.    Plaintiffs are entitled to a declaration that Defendant violated their First Amendment rights to free exercise of religion and an injunction against Defendant's actions as they relate to SB 277.

99.    Additionally, Plaintiffs are entitled to the reasonable costs of this lawsuit, including their reasonable attorneys' fees.

## INJUNCTIVE RELIEF ALLEGATIONS

100.    Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

101.    Plaintiffs allege that both on its face and as applied, SB 277 violates their First Amendment rights and their right to be free from unlawful statutes.

102.    Plaintiffs are being and will continue to be irreparably harmed unless this Court enjoins Defendant from enforcing SB 277.

103.    Plaintiffs have no plain, speedy, and adequate remedy at law to prevent Defendant from enforcing SB 277.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 26 of 28    Page ID
#:1148
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 25 of 27

104.   If not enjoined by this Court, Defendant will continue to implement and enforce SB 277 in violation of Plaintiffs' constitutional rights.

105.   Accordingly, injunctive relief is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

106.   Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

107.   Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201.  An actual and substantial controversy exists between Plaintiffs and Defendant as to their legal rights and duties with respect to whether SB 277, which allows for secular but not religious exemptions to school-required vaccinations, violates the United States Constitution.

108.   The case is presently justiciable because SB 277 and the absence of any religious exemption to school-required vaccination to the same applies to Plaintiffs and their children, who are currently harmed by being excluded from school.

109.   Declaratory relief is therefore appropriate to resolve this controversy.

## PRAYER

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, it is appropriate and proper that a declaratory judgment be issued by this Court, declaring that SB 277 is unconstitutional.  Pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue preliminary and permanent injunctions prohibiting Defendant from enforcing SB 277.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant and provide Plaintiffs with the following relief:

A.   A preliminary and permanent injunction prohibiting Defendant, his agents, servants, employees, and any other persons acting on his behalf from implementing and enforcing SB 277 without providing the option for a broad religious exemption to school-required vaccination;

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 27 of 28    Page ID
#:1149
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 26 of 27

B.    Declare that SB 277 is unconstitutional on its face without a broad religious exemption to school-required vaccination;

C.    Declare that SB 277 is unconstitutional as applied to Plaintiffs insofar as enforcing it violates Plaintiffs' First Amendment right to free exercise of religion;

D.    Grant Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable authority; and

E.    For any such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted,

DATED:  December 9, 2024        **THE NICOL LAW FIRM**

By:  __/s/ *Jonathon D. Nicol*_____

JONATHON D. NICOL

Counsel for Plaintiffs

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

Case 2:25-cv-04659-AB-JC    Document 35-2    Filed 07/25/25    Page 28 of 28    Page ID
#:1150
Case 2:23-cv-02995-KJM-JDP    Document 35    Filed 12/09/24    Page 27 of 27

1

## **JURY DEMAND**

2        Plaintiffs demand trial by jury.

3

4                                        Respectfully submitted,

5   DATED:  December 9, 2024        **THE NICOL LAW FIRM**

6

7                                        By:   _/s/ *Jonathon D. Nicol*_____

8                                            JONATHON D. NICOL

9                                            Counsel for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF