Rob Bonta
Attorney General of California
Jennifer Perkell, State Bar No. 231276
Supervising Deputy Attorney General
Jacquelyn Young, State Bar No. 306094
Katherine Grainger, State Bar No. 333901
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3553
 Fax:  (916) 731-2125
 E-mail:  Jacquelyn.Young@doj.ca.gov
*Attorneys for Defendant Erica Pan, in her official capacity as the Director of the California Department of Public Health*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WE THE PATRIOTS USA, INC.; JANE DOE, on her own behalf and on behalf of Child 1;**<br><br>Plaintiffs,<br><br>v.<br><br>**VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO, in his official capacity only; SARA BRUCKER, in her official capacity only; TONY THURMOND, in his official capacity only; ERICA PAN, in her official capacity only,**<br><br>Defendants. | 2:25-cv-04659-AB-JC<br><br>**DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' RENEWED EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date:         10:00 a.m.<br>Time:         September 5, 2025<br>Dept:          7B<br>Judge:        Hon. Andre Birotte, Jr.<br>Action Filed: May 22, 2025 |

1    Defendant Dr. Erica Pan, in her official capacity as the Director of the
2    California of Public Health (CDPH), hereby submits these objections to the
3    Renewed Emergency Application for Temporary Restraining Order and
4    Preliminary Injunction (TRO application), filed by Plaintiffs on August 12, 2025.
5    ECF No. 50.  On the following grounds, the application is defective and should be
6    stricken or, in the alternative, denied outright.

## RELEVANT PROCEDURAL BACKGROUND

On May 24, 2025, Plaintiffs filed an application for an emergency TRO and a preliminary injunction seeking to enjoin the Defendants from enforcing California Health and Safety Code section 120335 against "Plaintiffs and all similarly situated parents and children who hold sincere religious beliefs that prevent them from receiving the immunizations required by § 120335." ECF No. 12 at 2.  In their application, Plaintiffs clarified that they "do not seek ex parte relief, but do seek expedited relief as soon as the Court can convene the parties for a hearing on their motion for a temporary restraining order." *Id*.

On June 17, 2025, the Court issued its Order denying Plaintiffs' May 24, 2025 TRO application.  ECF No. 22.  The Court declined to address the merits because it concluded that "Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm." *Id*. at 3.

On June 24, 2025, CDPH specially appeared and filed a motion for stay pending the outcome on appeal of a substantially similar case before the Ninth Circuit Court of Appeals.  ECF No. 24.  The motion is fully briefed and the parties await the Court's decision on CDPH's motion for stay.  ECF. No. 37.

On August 12, 2025, absent any Court permission or other authority to do so, Plaintiffs filed a "renewed" TRO application, requesting identical relief as their TRO application filed on May 24, 2025 that was denied by this Court.  ECF No. 50 at 2.  Again, Plaintiffs clarified that they "do not seek ex parte relief, but do seek

1 expedited relief as soon as the Court can convene the parties for a hearing on their
2 motion for a temporary restraining order." *Id*.

3     Despite filing this lawsuit on May 22, 2025, and alleging a need for the Court
4 to issue an urgent TRO to immediately enjoin the enforcement of a public health
5 and safety statute statewide, Plaintiffs still have not perfected service on CDPH or
6 Defendant Tony Thurmond, in his official capacity as the State Superintendent of
7 Public Instruction (SPI), of the summons and complaint, nor any subsequent
8 pleading or motion. To date, Plaintiffs have only filed a proof of service for
9 Defendants Ventura Unified School District (VUSD); Antonio Castro, in his
10 officially capacity as the VUSD Superintendent; Erik Nasarenko, in his official
11 capacity as the Ventura County District Attorney; and Sara Brucker, in her official
12 capacity as a deputy district attorney for the Ventura County District Attorney's
13 Office. ECF No. 46.

14     Thus, this case remains not at issue as to State Defendants.

## OBJECTIONS

16     Plaintiffs assert multiple times in their TRO application that they do not seek
17 ex parte relief. ECF Nos. 50 at 2; 50-1 at 5; 50-2 at 2. Instead, Plaintiffs request
18 "speedy relief" via TRO and preliminary injunction. *Id*. This is an abuse of
19 judicial resources and disregard for civil procedure. Plaintiffs are essentially asking
20 the Court to treat their TRO application as an ex parte application for purposes of
21 law and motion procedure (i.e., not affording the Court and Defendants the requisite
22 28-day notice and time to fully brief the matter pursuant to Local Rule 6-1) in order
23 to have the Court address it on an expedited schedule, but as a motion for
24 preliminary injunction for purposes of analyzing the merits (i.e., not holding
25 Plaintiffs' application to a TRO's legal standards for issuing extraordinary relief).
26 This flawed attempt to circumvent and conflate the distinct procedural rules and
27 evidentiary standards that apply to each type of motion in order to gain an unfair
28 advantage violates the Federal and Local Rules and prejudices Defendants.

3

CDPH hereby submits the following specific objections to Plaintiffs' renewed TRO application and requests that the Court strike or deny the TRO application on procedural grounds.

### *Objection: Failure to Comply with Local Rule 7-19.1*

Plaintiffs failed to provide ex parte notice pursuant to Local Rule 7-19.1, which requires counsel for Plaintiffs to "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

Yet, prior to the filing of Plaintiffs' TRO application, counsel for Plaintiffs did not contact or attempt to advise counsel for CDPH in any manner of Plaintiffs' intent to file a "renewed" TRO application. Moreover, by their renewed TRO application, there is similarly no mention that counsel for Plaintiffs attempted to provide ex parte notice to any of the other Defendants prior to their filing. Counsel for Plaintiffs claims that Defendants VUSD, Castro, and CDPH received "contemporaneous notice of this application with its filing." ECF No. 50-2 at 2. However, "contemporaneous notice" by virtue of the actual court filing does not comply with Local Rule 7-19.1's requirement for advance notice, since it deprives the Defendants of an opportunity to evaluate the application and advise whether they oppose it before it is filed, as required by Local Rule 7-19.1(b).

### *Objection: Failure to Comply with the Court's Standing Order, ¶¶ 17 and 18*

Plaintiffs also fail to comply with the Court's Standing Order requirements for filing an ex parte application. ECF No. 18 at 13-14.

Specifically, the Court's Standing Order advises that "[a]pplications that do not conform with Local Rules 7-19 and 7-19.1, **such as by omitting a statement of opposing counsel's position**, will not be considered." *Id*. at 13, emphasis in original. The Standing Order further requires that "the moving party must **also**

serve the nonmoving party by email, fax, or personal service" and "**notify** the nonmoving party that opposing papers are due 48 hours (2 court days) after service." *Id*. at 13-14, emphasis added.

Counsel for CDPH first received notice of the application when it received an ECF notice by email of the application's filing, but Plaintiffs failed to separately serve their application to CDPH by e-mail, fax, or personal service. Nor did counsel for Plaintiffs notify CDPH, separately or as part of the moving papers, that an opposition to the TRO application is due within 48 hours. More importantly, there are six Defendants in this matter. Plaintiffs failed to include a statement of position for any of these Defendants.

### *Objection: Failure to Comply with Local Rule 65-1*

Plaintiffs fail to comply with Local Rule 65-1, which requires Plaintiffs to include in their TRO application (1) a certification required by FRCP 65(b)(1)(A) and (B); and (2) a proposed order to show cause why a preliminary injunction should not issue. L.R. 65-1.

Federal Rule of Civil Procedure (FRCP) 65(b)(1) allows courts to issue TROs without written or oral notice to adverse parties and their counsel, but only if Plaintiffs can establish that (A) immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) counsel for Plaintiffs made efforts to give notice and provides reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B). Yet, here, Plaintiffs fail to make any showing whatsoever for why notice requirements under the Federal Rules of Civil Procedure, the Central District's Local Rules, and the Court's Standing Order should be dispensed with as necessitated by supposed urgent need. Indeed, as noted above, this so-called "renewed" application is identical to Plaintiffs' original application that this Court denied on the precise grounds that Plaintiffs failed to make any showing of urgency or irreparable harm.

Thus, Plaintiffs' declaration of counsel (ECF No. 50-2) fails to meet any of the certification requirements specified under FRCP 65(b)(1)(A) and (B).

Plaintiffs also failed to include a compliant proposed order to show cause. Plaintiffs misunderstand the requirements set forth under Local Rule 65-1. When a party applies for an emergency TRO, as Plaintiffs do here, Local Rule 65-1 mandates that the party submit a proposed order to show cause why a preliminary injunction should not issue. Stated plainly, Plaintiffs must justify why their requested relief cannot be adjudicated by a motion for preliminary injunction.

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City.*, 415 U.S. 423, 439 (1974). A TRO is a form of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D.Cal. 1995) (explaining that applicant for ex parte relief must demonstrate urgency and that applicant is, itself, without fault in creating the claimed urgency). Instead of submitting a proposed order to show cause for why a preliminary injunction should not issue, as required by this District's Local Rules, Plaintiffs submitted a proposed order that claims a TRO should issue pursuant to the factors under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). ECF No. 50-12. There is no explanation for why Plaintiffs' requested relief cannot be calendared in the usual manner for standard law and motion matters. Thus, Plaintiffs' proposed order fails to comply with Local Rule 65-1.

///

///

### *Objection: Failure to Comply with the Court's Standing Order, ¶ 12*

By setting the hearing on their renewed TRO application for September 5, 2025 (see docket entry for ECF No. 50), Plaintiffs fail to comply with the Court's Standing Order, which states that the Friday after any Monday holiday is closed to hearings. ECF No. 18 at 5.

As a preliminary matter, there is no basis for Plaintiffs to set a hearing for their TRO application. The Standing Order advises that the Court "usually resolves ex parte applications on the papers and does not set a hearing. If the Court determines a hearing is necessary, the CRD will notify counsel of a hearing date and time." ECF No. 18 at 14. Furthermore, Plaintiffs' requested hearing date of September 5, 2025 is unavailable because September 5 is the Friday after Labor Day, which falls on Monday, September 2, 2025. On this basis, if this application is not stricken or denied outright, the Court should set it for a subsequent hearing date that is available to the Court and Defendants' counsel, and complies with all notice requirements.

### *Objection: Failure to Comply with Local Rule 6-1*

Plaintiffs' TRO application should also be stricken or denied because Plaintiffs fail to comply with Local Rule 6-1, which requires that notice of a motion be filed and electronically served not later than 28 days before the date set for hearing.

Because Plaintiffs admit that they do not seek ex parte relief, Plaintiffs' so-called renewed TRO application amounts, in form and substance, to a motion for preliminary injunction. Accordingly, Plaintiffs must comply with Local Rule 6-1 and provide at least 28 days' notice of their motion. Plaintiffs filed their application on August 12, 2025, but requested a hearing date of September 5, 2025. This only provides the Court and Defendants with 24 days' notice, in violation of the Local Rule. Plaintiffs fail to offer any justification or authority for the truncated notice.

///

***Objection: Absence of Authority for Filing Renewed TRO Application***

Finally, Plaintiffs' "renewed" TRO application should be stricken or denied because Plaintiffs fail to provide any authority for leave to file a "renewed" TRO application.

The renewed TRO application seeks identical relief to the TRO application filed by Plaintiffs on May 24, 2025, and subsequently denied by this Court on June 17, 2025, for failure to establish any need for urgent relief to avoid irreparable harm. See ECF Nos. 12 at 2; 22 at 3; 50 at 2. Yet, since the first filing, the parties and claims have all remained the same. Plaintiffs have not amended their complaint. And the substance of the "renewed" TRO application is also largely the same: Plaintiffs again fail to address the issue of urgency in seeking a TRO to enjoin enforcement of a public health and safety statute statewide.

Therefore, Plaintiffs' "renewed" TRO application amounts to an improper and untimely motion for reconsideration of the Court's June 17, 2025 Order denying the first TRO application. Pursuant to Local Rule 7-18, a motion for reconsideration of an order on any motion or application "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the [o]rder was entered, or (b) the emergence of new material facts or a change of law occurring after the [o]rder was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the [o]rder was entered." Plaintiffs' TRO application does not meet any of these requirements, and merely repeats arguments that Plaintiffs previously made three months ago. *See* L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.") If Plaintiffs believe that they are entitled to reconsideration of the Court's order, they should have filed a motion for reconsideration (or

renewed TRO application) within 14 days after entry of the Court's June 17, 2025 order. They failed to do so.

Accordingly, Plaintiffs lack any authority for re-submitting their TRO application for reconsideration by the Court now.

## CONCLUSION

Based on the foregoing litany of procedural defects, CDPH requests that the Court strike or deny Plaintiffs' TRO application on procedural grounds. CDPH also asserts that any further litigation should be stayed in this matter in light of the pending outcome on appeal of a substantially similar case before the Ninth Circuit Court of Appeals. *See* ECF No. 24.

If the Court is inclined to consider the TRO application on the merits, CDPH submits that the current September 5, 2025 hearing date (noticed by Plaintiffs), which is unavailable on the Court's calendar in any event, be continued to allow all parties sufficient time to review and brief the TRO application as a standard law-and-motion matter consistent with Local Rules 6 and 7.

Dated: August 14, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JENNIFER PERKELL
Supervising Deputy Attorney General

*/s/ Jacquelyn Young*

JACQUELYN YOUNG
KATHERINE GRAINGER
Deputy Attorneys General
*Attorneys for Defendant Erica Pan, Director of the California Department of Public Health*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Doe v. Ventura Unified School District** | Case No. | 2:25-cv-04659-AB-JC |

I hereby certify that on <u>August 14, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' RENEWED EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>August 14, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid or have dispatched it to a third-party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants.

Thomas W. Temple, Esq.
Office of the Ventura County Counsel
800 S. Victoria Ave. #1830
Ventura, CA 93009
**E-mail Address:**
Tom.Temple@ventura.org
*Counsel for Ventura County District Attorney Defendants*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>August 14, 2025</u>, at Los Angeles, California.

| | |
|---|---|
| Anthony Conklin | *Anthony Conklin* |
| Declarant | Signature |

SF2025801746
67856149.docx