UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-04659-AB-JC | Date: | August 15, 2025 |
|---|---|---|---|

| Title: | *We The Patriots USA, Inc., et al. v. Ventura Unified School District et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**DENYING**</u> RENEWED APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Dkt. No. 50]

Before the Court is Plaintiffs We The Patriots USA, Inc., Jane Doe, and her child's Renewed Emergency Application for Temporary Restraining Order and Preliminary Injunction ("Renewed TRO Appl.," Dkt. No. 50). Defendant Erica Pan, in her official capacity as the Director of the California Department of Public Health ("CDPH"), filed an Objection (Dkt. No. 51). The Renewed TRO Application is **<u>DENIED</u>**.

## BACKGROUND

On May 22, 2025, Plaintiffs filed their Complaint.[1] *See* Compl. (Dkt. No. 1). On May 24, 2025, Plaintiffs filed an Application for an Emergency TRO and a Preliminary Injunction seeking to enjoin the Defendants from enforcing California Health and Safety Code § 120335 against "Plaintiffs and all similarly situated parents and children who hold sincere religious beliefs that prevent them from

---

[1] Plaintiffs filed their Complaint on May 22, 2025 but have yet to serve the CDPH.

receiving the immunizations required by § 120335." *See* TRO Appl. (Dkt. No. 12) at 2.

On June 17, 2025, the Court denied the TRO Application on the ground that "Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm." *See* Order (Dkt. No. 22) at 3.

On August 12, 2025, nearly two months after the Court denied their initial TRO Application, Plaintiffs filed their now-pending Renewed Emergency Application for Temporary Restraining Order and Preliminary Injunction requesting identical relief as their initial TRO Application. Plaintiffs purported to set their Renewed TRO Application for hearing on September 5, 2025. As with their initial TRO Application, Plaintiffs state that they "do not seek ex parte relief, but do seek expedited relief as soon as the Court can convene the parties for a hearing on their motion for a temporary restraining order." *Id.* at 2:8-10. Plaintiffs state that the Court should afford an expedited hearing because the "school year starts on August 13, 2025 and [Plaintiff Jane Doe's] son will be excluded without action from the Court." *Id.* at 3:10-13.

## DISCUSSION

The Court incorporates by reference the legal standard that applies to TRO applications set forth in its Order denying Plaintiffs' initial TRO Application.

Plaintiffs' Renewed Emergency TRO Application fails for a litany of procedural violations set forth in the CDPH's Objection.

First, Plaintiffs state that they do not seek ex parte relief, and instead only want an expedited hearing. But relief sought on an expedited basis is ex parte relief, and Plaintiffs have not complied with Local Rule 7-19.1's ex parte notice requirements. Plaintiffs cannot have it both ways: they can either seek an expedited ruling and comply with Local Rule 7-19.1's notice requirements for ex parte applications, or they can file a regularly-noticed motion. The Application as filed is an ex parte Application for a TRO.

Second, Plaintiffs failed to comply with Local Rule 65-1, which applies to TRO applications and requires the movant to file "a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue."

Third, insofar as Plaintiffs purport to notice their Renewed TRO Application for hearing on September 5, 2025, this is unavailing: ex parte applications are not set for hearing by the parties; alternatively, that hearing date would not allow the minimum 28-days' notice Local Rule 6-1 requires for regularly-noticed motions. *See* Standing Order (Dkt. No. 18), p. 5.

Fourth, Plaintiffs essentially seek reconsideration of the Court's order denying their initial TRO Application without addressing the standard for reconsideration.

Finally, the Renewed Emergency TRO Application also fails for the lack of a genuine emergency not of the Plaintiffs' own making: that Plaintiffs filed their Renewed TRO Application nearly 2 months after the Court denied their initial TRO Application, and only 1 day before the school year starts—the event that they say necessitates expedited relief—belies their characterization that their need for relief is an emergency.

And, because of all of the above, the Court declines on its own to set this matter for an expedited preliminary injunction hearing.

## CONCLUSION

Plaintiffs' Renewed Emergency Application for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 50) is therefore **DENIED**.

**SO ORDERED**.