1  ROB BONTA
   Attorney General of California
2  JENNIFER PERKELL, State Bar No. 231276
   Supervising Deputy Attorney General
3  JACQUELYN Y. YOUNG, State Bar No. 306094
   KATHERINE GRAINGER, State Bar No. 333901
4  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3553
6    Fax:  (916) 731-2125
     E-mail:  Jacquelyn.Young@doj.ca.gov
7  *Attorneys for Defendant Erica Pan, in her official
   capacity as the Director of the California
8  Department of Public Health*

9                IN THE UNITED STATES DISTRICT COURT

10               FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| **WE THE PATRIOTS USA, INC.; JANE DOE, on her own behalf and on behalf of Child 1;**<br><br>Plaintiffs,<br><br>v.<br><br>**VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO, in his official capacity only; SARA BRUCKER, in her official capacity only; TONY THURMOND, in his official capacity only; ERICA PAN, in her official capacity only,**<br><br>Defendants. | 2:25-cv-04659-AB-JC<br><br>**DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' "EMERGENCY APPLICATION" FOR AN INJUNCTION PENDING APPEAL**<br><br>Dept:  7B<br>Judge:  Hon. Andre Birotte, Jr.<br>Action Filed: May 22, 2025 |

Defendant Dr. Erica Pan, in her official capacity as the Director of the California of Public Health (CDPH), hereby submits this objection to the so-called "Emergency Application" for an Injunction Pending Appeal (TRO application) filed by Plaintiffs. ECF No. 55.

## RELEVANT PROCEDURAL BACKGROUND

On May 24, 2025, Plaintiffs filed an application for an emergency TRO and a preliminary injunction enjoining the Defendants from enforcing California Health and Safety Code section 120335 against "Plaintiffs and all similarly situated parents and children who hold sincere religious beliefs that prevent them from receiving the immunizations required by § 120335." ECF No. 12 at 2.

On June 17, 2025, the Court issued its order denying Plaintiffs' May 24, 2025 TRO application. ECF No. 22. The Court declined to address the merits because it concluded that "Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm." *Id*. at 3.

On August 12, 2025, Plaintiffs filed a "renewed" TRO application, requesting identical relief as their TRO application filed on May 24, 2025. ECF No. 50 at 2.

On August 14, 2025, CDPH filed objections to Plaintiffs' "renewed" TRO application for failure to comply with the Federal Rules of Civil Procedure (FRCP), the Local Rules, and the Court's Standing Order. ECF No. 51.

On August 15, 2025, the Court issued its Order denying Plaintiff's August 12, 2025 TRO application. The Court ruled that "Plaintiffs' Renewed Emergency TRO Application fails for a litany of procedural violations set forth in the CDPH's Objection." ECF No. 53 at 2. In particular, the Court determined that Plaintiffs failed to comply with Local Rule 65-1, which requires the movant to file "a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue." *Id*. The Court also determined that "Plaintiffs

essentially seek reconsideration of the Court's order denying their initial TRO Application without addressing the standard for reconsideration." *Id*. at 3. More importantly, the Court reiterated, for a second time, that Plaintiffs failed to address, let alone establish, the urgent need for a TRO to avoid irreparable harm. Specifically, the Court stated:

> the Renewed Emergency TRO Application also fails for the lack of a genuine emergency not of the Plaintiffs' own making: that Plaintiffs filed their Renewed TRO Application nearly 2 months after the Court denied their initial TRO Application, and only 1 day before the school year starts—the event that they say necessitates expedited relief—belies their characterization that their need for relief is an emergency.

*Id*.

On August 18, 2025, Plaintiffs filed a notice of appeal, seeking interlocutory review of the Court's August 15, 2025 Order denying their August 12, 2025 TRO application. ECF No. 54 at 1. This appeal may be procedurally improper. *See Religious Tech. Center, Church of Scientology v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (the "denial of an application for a temporary restraining order is generally not appealable; such appeals are considered premature and are disallowed 'in the interests of avoiding uneconomical piecemeal appellate review'") (quoting *Kimball v. Commandant Twelfth Naval Dist.*, 423 F.2d 88, 89 (9th Cir.1970)); *see also Graham v. Teledyne-Cont'l Motors*, 805 F.2d 1386, 1388 (9th Cir. 1986), *cert. denied*, 484 U.S. 815 (1987) (the denial of a TRO is not generally appealable unless the denial effectively decides the merits of the case); *Env't Def. Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980) (the denial of a TRO is not appealable unless it involved a "full adversary hearing" and "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief").

On August 20, 2025, Plaintiffs filed this third TRO application, again, seeking an injunction "pending appeal." ECF No. 55.  Specifically, Plaintiffs once again, for the third time, seek an order from the Court enjoining Defendants "from enforcing California Health and Safety Code section 120335 against Plaintiff Jane Doe and her son," this time "pending the disposition of their appeals in this matter." ECF No. 55-3 at 3.  By the instant TRO application, premised on the same facts as their two previously filed TRO applications that this Court denied, Plaintiffs do not include any new or different facts. *Compare* Complaint (ECF No. 1), filed on May 22, 2025; Plaintiffs' first TRO application (ECF No. 12), filed on May 24, 2025; and Plaintiffs' second TRO application (ECF No. 50), filed on August 12, 2025.

Despite filing this action on May 22, 2025, and alleging an urgent need for TRO to enjoin the enforcement of a public health and safety statute statewide, **Plaintiffs still have not served CDPH with the summons and complaint**.  To date, Plaintiffs have only filed proofs of service for Defendants Ventura Unified School District (VUSD); Antonio Castro, in his official capacity as the VUSD Superintendent; Erik Nasarenko, in his official capacity as the Ventura County District Attorney; and Sara Brucker, in her official capacity as a deputy district attorney for the Ventura County District Attorney's Office.  ECF No. 46.

## OBJECTIONS

In the three months since Plaintiffs filed this lawsuit, Plaintiffs could have properly noticed and filed a motion for preliminary injunction, asserting the same claims, and afforded the Court and all parties the requisite 28-day period for notice and briefing pursuant to Local Rule 6.  Yet, Plaintiffs chose instead to file three successive ex parte applications seeking preliminary injunctive relief on an expedited basis to enjoin operation and enforcement of a state public health and safety statute.  By their applications, Plaintiffs continue to disregard the Federal Rules of Civil Procedure, this District's Local Rules, and the Court's Standing Order.

Furthermore, by this third application, Plaintiffs still fail to address, let alone establish, facts that demonstrate the urgent need for a TRO to avoid irreparable harm, which is the fatal defect identified by this Court in both of its orders denying Plaintiffs' previous TRO applications. ECF Nos. 22, 53. Plaintiffs cite no authority for continuing to renew the same motion, over and over, despite this Court's previous orders denying their first two applications.

CDPH hereby submits the following objections to Plaintiffs' TRO application and request that the Court strike or deny this third TRO application on procedural grounds. For at least these reasons, no substantive response by CDPH is required.

### *Objection: Failure to Comply with Local Rule 65-1*

CDPH raised this exact same objection to Plaintiffs' second TRO application and, once again here, Plaintiffs fail to comply with Local Rule 65-1, which requires Plaintiffs to include in their TRO application (1) a certification required by FRCP 65(b)(1)(A) and (B); and (2) a proposed order to show cause why a preliminary injunction should not issue.

Federal Rule of Civil Procedure (FRCP) 65(b)(1) allows courts to issue TROs without written or oral notice to adverse parties and their counsel, but only if Plaintiffs can establish that (A) immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) counsel for Plaintiffs made efforts to give notice and provides reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B). Here, Plaintiffs fail to make any showing for why notice requirements under the Federal Rules of Civil Procedure, the Central District's Local Rules, and the Court's Standing Order should not be required. There is no explanation for why Plaintiffs' request for preliminary injunctive relief must be reviewed and granted as a TRO. Thus, Plaintiffs' declaration of counsel (ECF No. 55-2) fails to meet the certification requirements specified under FRCP 65(b)(1)(A) and (B).

Plaintiffs also failed to include a compliant proposed order to show cause. Plaintiffs again misunderstand the requirements set forth at Local Rule 65-1. Instead of submitting a proposed order to show cause for why a preliminary injunction should not issue, Plaintiffs submit a proposed order that claims that an injunction should issue pursuant to the factors under *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020) and *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). ECF No. 50-12. Plaintiffs' proposed order fails to address why Plaintiffs' requested relief cannot be adjudicated by a motion for preliminary injunction.

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City.*, 415 U.S. 423, 439 (1974). A TRO is a kind of ex parte application, so the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words . . . the moving party [must show why it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'r Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that an applicant for ex parte relief must demonstrate both urgency and that the applicant is without fault in creating the urgency). There is no explanation for why Plaintiffs' requested relief cannot be calendared in the usual manner for law and motion matters. Thus, Plaintiffs' proposed order fails to comply with FRCP 65.

***Objection: Absence of Authority for Seeking an Injunction Pending Appeal***

Plaintiffs also fail to establish any legal authority or basis for the relief they seek. The Court should deny Plaintiffs' application for an injunction pending resolution of their appeal of the Court's order denying their second TRO application for an injunction because the Court now lacks jurisdiction to issue any injunctive relief.

A district court loses jurisdiction following a notice of appeal to adjudicate those matters involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007). As the Supreme Court explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The purpose of this jurisdictional rule is to "promote judicial economy and avoid the confusion that would ensure from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983)).

By filing their notice of appeal and seeking the Ninth Circuit's review of the Court's order denying their previous TRO application, Plaintiffs effectively divested this Court of its authority to adjudicate any aspects of the matter Plaintiffs chose to appeal. Thus, because Plaintiffs chose to appeal the Court's order denying their previous request for an order enjoining Defendants from enforcing California's school vaccine law (ECF No. 50-2), Plaintiffs cannot now ask the Court to issue an order seeking similar relief while their appeal of the Court's denial of that same relief is pending.

Plaintiffs cite to *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020), as the legal standard for analyzing their TRO application for injunction pending appeal. ECF No. 55-1 at 8. *Al Otro Lado* is entirely inapplicable and irrelevant. There, the district court issued a class-wide preliminary injunction enjoining enforcement of an immigration regulation concerning asylum eligibility. *Al Otro Lado v. Wolf*, 952 F.3d at 1003. The government defendant appealed the district court's order issuing an injunction and moved the Ninth Circuit for a stay of the injunction pending appeal. *Id*. The Ninth Circuit denied the government's motion for stay because the government did not meet its burden of showing that a stay is warranted. *Id*.

7

Here, Plaintiffs are not seeking a stay or any manner of preservation of the status quo. Rather, by this application, Plaintiffs seek affirmative court action constituting a substantial departure from the status quo to (1) enjoin Defendants from enforcing California's school vaccine law, which has been in effect in its present form (without the personal-belief exemption) since January 1, 2016; and (2) unilaterally create a non-existent personal belief exemption to permit the enrollment of a student who was excluded from classroom-based school in January 2025 for non-compliance with state vaccination requirements despite the student still being non-compliant with the law. ECF No. 55-1 at 7. There is no aspect of Plaintiffs' ex parte request, by this TRO application or the two previous iterations, that has any relevance to any of the factual considerations or legal analysis in *Al Otro Lado*. Therefore, Plaintiffs fail to establish authority for seeking such an injunction from this Court, on an ex parte basis or via motion, while an appeal is pending on the same matter.

### *Objection: Absence of Authority for Filing Renewed TRO Application*

Finally, CDPH also raised this identical objection to Plaintiffs' second TRO application and, once again, Plaintiffs fail to address this procedural defect. Plaintiffs fail to provide any legal authority granting them leave to file another TRO application seeking identical relief on identical grounds, despite this Court orders denying both of their earlier applications.

This third TRO application again seeks to enjoin Defendants from enforcing the school-vaccine law, just as Plaintiffs sought by their TRO applications filed on May 24, 2025 and August 12, 2025. *See* ECF Nos. 12 at 2; 50 at 2; 55 at 2. Since the first filing, the parties and claims have all remained the same. Plaintiffs have not amended their complaint. The substance of the TRO application is also largely the same. This is significant because the Court denied Plaintiffs' first and second TRO applications for Plaintiffs' failure to address, let alone establish, the urgent need for a TRO to avoid irreparable harm. By this third TRO application, Plaintiffs

yet again fail to explain or address in any manner the issue of urgency allegedly necessitating a TRO to enjoin enforcement of a state public health and safety statute. The only new development is Plaintiffs' choice to appeal the Court's order denying their second TRO application (again, an appeal that may be procedurally improper). ECF No. 52. This fact cuts against them, not for them. *See infra.*

Therefore, Plaintiffs' third TRO application amounts to an improper and untimely motion for reconsideration of the Court's June 17, 2025 and August 15, 2025 orders denying their first and second TRO applications. Pursuant to Local Rule 7-18, a motion for reconsideration of an order on any motion or application "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the [o]rder was entered, or (b) the emergence of new material facts or a change of law occurring after the [o]rder was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the [o]rder was entered." Plaintiffs' third TRO application does not meet any of these requirements, and merely repeats arguments that they previously made three months ago. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.")

If Plaintiffs believe that they are entitled to request reconsideration of the Court's order, they should have filed a timely motion for reconsideration (or renewed TRO application) within 14 days after entry of the Court's June 17, 2025 order. They failed to do so. Instead, Plaintiffs chose to wait nearly two months before filing a second TRO application, rife with procedural defects and lacking in any consideration of and accounting for the Court's June 17, 2025 rulings. Now, instead of addressing the procedural defects outlined in the Court's latest, August 15, 2025 Order, Plaintiffs choose to appeal that Order and apply, improperly, ex parte, for *the third time*, for an order seeking the same relief on the same grounds as

9

they previously sought and that this Court denied.  These actions are an abuse of judicial resources, cause prejudice to Defendants, and manifest a willful disregard for all applicable rules of civil procedure and practice in this Court.

## CONCLUSION

Based on the foregoing, CDPH requests that the Court strike or deny Plaintiffs' TRO application on procedural grounds.

Dated:  August 22, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JENNIFER PERKELL
Supervising Deputy Attorney General

*/s/ Jacquelyn Young*

JACQUELYN YOUNG
KATHERINE GRAINGER
Deputy Attorneys General
*Attorneys for Defendant Erica Pan, Director of the California Department of Public Health*

# CERTIFICATE OF SERVICE

| Case Name: | **Doe v. Ventura Unified School District** | No. | **2:25-cv-04659-AB-JC** |
|---|---|---|---|

I hereby certify that on <u>August 22, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' "EMERGENCY APPLICATION" FOR AN INJUNCTION PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 22, 2025</u>, at San Francisco, California.

| E. Santos | *E. Santos* |
|---|---|
| Declarant | Signature |

SF2025801746