LEN GARFINKEL, Calif. State Bar No. 114815
General Counsel
California Department of Education
1430 N Street, Suite 5320
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
lgarfinkel@cde.ca.gov
Attorney for Defendant Thurmond in his official capacity as State Superintendent of Public Instruction

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WE THE PATRIOTS USA, INC., et al., | Case No. 2:25-cv-04659-AB-JC |
| Plaintiffs, | OPPOSITION OF DEFENDANT TONY THURMOND TO RENEWED EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PENDING APPEAL |
| vs. | |
| VENTURA UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | Dept.:        7B |
| | Judge:        Hon. Andre Birotte, Jr. |
| | Action Filed:  May 22, 2025 |

# I.    BACKGROUND

Plaintiffs filed their Complaint on May 22, 2025. Dkt. 1. On May 24, 2025, Plaintiffs filed an Emergency Request for a Temporary Restraining Order (TRO) and preliminary injunction. Dkt. 12-13. On May 28, 2025, Defendants Ventura Unified School District and Antonio Castro filed an Opposition. Dkt. 17. On June 22, 2025, the court denied the Emergency Application. Dkt. 22. The court stated:

> Here, Plaintiffs have not addressed why, let alone established that, the urgent measure of a TRO is necessary to avoid any irreparable harm. It appears that Jane Doe was notified by December 2024 that her child would not be permitted to attend school until she could prove he was fully vaccinated; presumably, the school year is now, or soon will be, over. Plaintiffs have simply not explained either why they waited this long to seek relief, or, conversely, why they have an imminent need for relief now, when school is presumably out for the summer. Without an explanation as to why Plaintiffs "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," the Court will not address the merits.

Dkt. 22, p. 3.

On August 12, 2025, Plaintiffs filed a "Renewed Emergency Application for Temporary Restraining Order and Preliminary Injunction." Dkt. 50. On August 14, 2025, Defendant Erica Pan in her official capacity as Director of the California Department of Public Health filed objections to the Renewed Emergency Application. Dkt. 51. Also on August 14, 2025, Plaintiffs served defendant State Superintendent of Public Instruction (SSPI) Tony Thurmond with the Complaint.

On August 15, 2025, the court denied Plaintiffs' Renewed Emergency Application. Dkt. 53. The court noted all of the following deficiencies:

1.    Plaintiffs failed to comply with Local Rule 7-19.1, regarding seeking ex parte relief.

2.    Plaintiffs failed to comply with Local Rule 65-1, which applies to TRO applications and requires the movant to file a declaration containing specific elements.

///

///

3.   To the extent that Plaintiffs purported to notice their emergency application for hearing on September 5, 2025, parties do not set their own hearing dates for ex parte applications, and, alternatively, that hearing date would not allow the minimum 28 days' notice that Local Rule 6-1 requires for regularly-noticed motions.

4.   Plaintiffs' Renewed Emergency Application essentially sought reconsideration of the Court's order denying their initial Emergency Application (Dkt. 22) without addressing the standard for reconsideration.

5.   The Renewed Emergency Application also failed for the lack of a genuine emergency not of the Plaintiffs' own making.  The court noted that Plaintiffs filed their Renewed Emergency Application nearly two months after the Court denied their initial TRO Application, and only one day before the school year starts—the event that they say necessitates expedited relief—which belied their characterization that their need for relief is an emergency.

On August 19, 2025, Plaintiffs filed an appeal to the Ninth Circuit, which was assigned case number 25-5239 in that court.  On August 20, 2015, Plaintiffs filed an emergency application for a TRO and preliminary injunction pending appeal.  Dkt. 55.

## II.   ARGUMENT

Federal Rule of Civil Procedure 62(d) states:

(d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

As noted above, the SSPI had not been served with the Complaint at the time the court ruled on the first Emergency Application on June 22, 2025.  Nor had the SSPI been served with the Complaint at the time Plaintiffs filed their Renewed Emergency Application on August 12.  The SSPI was served with the Complaint on August 14.  The SSPI was not served with the Renewed Emergency Application.  The court ruled on the Renewed Emergency Application on August 15.  The SSPI has not had the opportunity

to address the merits of the case through briefing leading up to a properly noticed hearing.  In any event, now that the SSPI has been served with the Complaint, and Plaintiffs have filed the instant emergency application for a TRO and preliminary injunction pending appeal, the SSPI submits this Opposition.  In accordance with this court's Standing Order, ¶ 17, relating to ex parte applications, this Opposition is being filed two days after Plaintiffs' Application was filed.

The district court's authority when there has been an appeal of an order relating to an injunction is limited to preserving the status quo pending appeal.  *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing former Fed. R. Civ. P. 62(c), now Fed. R. Civ. P. 62(d)).  The district court may not materially alter the status of the case on appeal.  Here, the court's August 15 Order (Dkt. 53) appropriately cited numerous procedural deficiencies with the Plaintiffs' Renewed Emergency Application.  And the status quo is that the student, known as Child 1, has been excluded from school for many months because of his vaccination status.  That is, on December 7, 2024, Defendant Ventura Unified School District notified Plaintiffs that Child 1 would be excluded from school starting January 7, 2025; Child 1's last day of attendance was December 20, 2024; and Child 1 has been excluded from school since January 7, 2025, due to lack of required vaccinations.  Complaint, Dkt. 1, ¶¶ 61-63.  Plaintiffs seek not to preserve the status quo but rather to fundamentally alter it by obtaining an injunction that materially improves their position while negating the application of a longstanding and well-recognized public health requirement.  The requested injunction would disrupt the status quo by preventing defendants from enforcing the law and by permitting Child 1 to attend school in-person after many months of being excluded due to lack of the required vaccinations.

///

///

///

///

### III.    CONCLUSION

For the foregoing reasons, defendant SSPI Thurmond respectfully requests that the court deny Plaintiffs' emergency application for a TRO and preliminary injunction pending appeal.


Dated: August 22, 2025                    Respectfully submitted,


                                By:  /s/Len Garfinkel
                                LEN GARFINKEL
                                General Counsel
                                California Department of Education
                                Attorney for Defendant Tony Thurmond


### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant State Superintendent of Public Instruction Tony Thurmond, certifies that this brief contains 1,178 words, which complies with the word limit of Local Rule 11-6.1, and it is 4 pages, which is within the 25-page limit.


Dated:  August 22, 2025                    By:  /s/ Len Garfinkel

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION OF DEFENDANT TONY THURMOND TO RENEWED EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PENDING APPEAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 22, 2025, I have caused the forementioned document to be mailed by way of the United States Postal Service, postage prepaid delivery to the following non-CM/ECF participants.

I, the undersigned, state that I am a citizen of the United States, over the age of 18 years, a resident of the State of California, and not a party to the within action. My business address is 1430 N Street, Room 5319, Sacramento, California 95814. I am familiar with the business practice at the California Department of Education for collection and processing of correspondence for mailing with the United States Postal Service.

In accordance with that practice, the document was enclosed in an envelope with postage fully prepaid and the envelope was placed for collection and mailing following our ordinary business practices. The envelope was addressed and mailed as follows:

Thomas W. Temple, Esq.
Office of the Ventura County Counsel
800 S. Victoria Ave. #1830
Ventura, CA 93009
E-mail Address: Tom.Temple@ventura.org

**Counsel for Erik Nasarenko and Sara Brucker**

///

///

///

///

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on August 22, 2025, at Sacramento, California.

By:  /s/Elisa Ramirez
ELISA RAMIREZ