UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-04659-AB-JC | Date: | August 29, 2025 |
|---|---|---|---|

| Title: | *We The Patriots USA, Inc., et al. v. Ventura Unified School District, et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>DENYING</u> PLAINTIFF JANE DOE'S MOTION TO PROCEED ANONYMOUSLY [Dkt. No. 31]**

Before the Court is Plaintiff Jane Doe's Motion for Permission to Proceed Anonymously (Dkt. No. 14). Defendant Erica Pan, in her official capacity as the Director of the California Department of Public Health ("CDPH") filed an opposition. Plaintiff did not file a reply.

The parties are familiar with the issued raised in this case and the procedural background so the Court's order will brief.[1]

### DISCUSSION

Plaintiff Jane Doe seeks a Court order permitting her to proceed anonymously because she "realizes her beliefs are unpopular and fears further hostility, harassment by the public, and intrusive media attention if her name is

---

[1] Plaintiffs have appealed the Court's denial of their Renewed Application for a TRO. This motion is not related to the issues raised in the appeal, so the Court may have jurisdiction to rule on it, so the Court does so.

included on this lawsuit." Mot. 7:19-21. Plaintiff also fears that "disclosing her identity would expose her child's identity and his private medical information to public scrutiny." Mot. 7:21-22. Thus, seeks an order "allow[ing] her and her child to use pseudonyms in all public-facing documents and …. preventing disclosure of their names to the public." Mot. 7:23-25.

## LEGAL STANDARD

The "presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch. (Kamehameha)*, 596 F.3d 1036, 1042 (9th Cir. 2010). While Federal Rule of Civil Procedure 5.2 permits a minor party's initials to be used instead of their full name, it does not allow for any similar redaction of the name of a minor's parent. In the Ninth Circuit, courts "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). In deciding whether to permit a party to proceed anonymously, the court considers the parties' interests and balances the public interest within the rubric of five factors: (1) the severity of the feared harm; (2) the reasonableness of that fear; (3) the anonymous party's vulnerability to retaliation; (4) possible prejudice to the opposing party; and (5) the public interest. *Advanced Textile*, 214 F.3d at 1068-69.

## ANALYSIS

As the briefing reflects, Courts deciding requests to proceed anonymously in cases challenging vaccine mandates on religious grounds have reached different conclusions. In this case, Plaintiff Jane Doe has not made a showing sufficient to justify proceeding anonymously.

First, she claims she fears not just embarrassment, but also harassment from the public and the media, and the exposure of her child's identity. For purposes of this motion, the Court accepts that Jane Doe has these claimed fears. However, they do not appear to be severe, and they appear to be speculative. Insofar as Jane Doe fears retaliation from public officials who have already engaged with her, granting anonymity in this action would not avoid that harm that since these officials already know who she is. Second, Plaintiff has not shown these fears about public and media harassment to be particularly reasonable. Plaintiff points mostly to her claims of ill-treatment by public officials as substantiating her fears, but such treatment does not establish that it is reasonable to fear untoward conduct from the public or intrusive media attention. Thus "the two most important

factors—severity of the threatened harm and the reasonableness of the plaintiffs' fears," *Kamehameha*, 596 F.3d at 1043, weigh against allowing anonymity.

As to the third factor, Jane Doe is arguably vulnerable to public harassment and embarrassment. "Vulnerability is established by the party's dependence on anonymity to avoid [the] harm." *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017). Anonymity is what would avoid the harm Jane Doe fears, because it is exposure that would make her and her child vulnerable to the public harassment she most fears. And it appears that Jane Doe is an ordinary citizen not interested in publicity or media attention. On the other hand, there have been many suits like this one that challenge California's vaccine law after the personal belief exemption was repealed in 2016 and in which the plaintiffs did not proceed anonymously, and Plaintiff has not addressed why she is particularly vulnerable relative to those plaintiffs. In any event, given that the Court does not find Jane Doe's fears to be severe or reasonable, the vulnerability factor carries little weight.

Fourth, there may be meaningful prejudice to the opposing parties: while some defendants already know Jane Doe's identity and can explore her claims accordingly, the CDPH claims it does not and that Plaintiffs have not agreed to disclose her identity. Plaintiffs have not filed a reply to respond to these averments. CDPH must know Jane Doe's identity to test her claims.

Finally, the public interest weighs against granting Jane Doe anonymity. Jane Doe argues that protecting her and her son's identity would not impair the public interest and in fact would serve the public interest because it would encourage Californians to assert their civil rights. But the "normal presumption in litigation is that parties must use their real names," because our legal system "recognize[s] the paramount importance of open courts," *Kamehameha*, 596 F.3d at 1036, 1046. Thus, open courts is the default. In this case, Jane Doe seeks to strike down as unconstitutional California's school vaccine law that was passed by he state legislative. As such, this case raises issues of significant public interest. The public interest therefore weighs in favor of maintaining open records.

In sum, Jane Doe has not demonstrated any unusual or exceptional circumstances that warrant granting her anonymity.

## CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe's Motion to Proceed

Anonymously is **DENIED**.

**SO ORDERED.**