UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-04659-AB-JC | Date: | August 29, 2025 |
|---|---|---|---|

| Title: | *We The Patriots USA, Inc., et al. v. Ventura Unified School District, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>DENYING</u> PLAINTIFFS' EMERGENCY APPLICATION FOR AN INJUNCTION PENDING APPEAL [Dkt. No. 55]**

Before the Court is Plaintiffs We the Patriots USA, Inc., and Jane Doe's ("Plaintiffs") Emergency Application for an Injunction Pending Appeal ("Application," Dkt. No. 55), filed on August 20, 2025. On August 22, 2025, Defendant CDPH filed an objection (Dkt. No. 59), Defendant Tony Thurmond in his official capacity as State Superintendent of Public Instruction ("Thurmond") filed an opposition (Dkt. No. 60), and Defendants Ventura Unified School District and Antonio Castro in his official capacity ("VUSD") filed an opposition (Dkt. No. 63). Defendants Erik Nasarenko and Sara Brucker filed a Notice of Neutrality (Dkt. No. 62).

The parties are familiar with the issued raised in this case and the procedural background so the Court's order will brief.

Plaintiffs We The Patriots USA, Inc. and Jane Doe seek "an injunction pending appeal enjoining the Defendants from preventing Jane Doe's child from attending public school under Cal. Health and Safety Code § 120335 because of

his religious beliefs." Appl. 2:1-4.

This is the third time in this case that Plaintiffs have sought an emergency injunction. The Court denied both prior applications, on June 22, 2025 and August 15, 2025, respectively. *See* Dkt. Nos. 22, 53.

On August 19, 2025, Plaintiffs appealed the second denial order to the Ninth Circuit. *See* Dkt. No. 54.

On August 20, 2015, Plaintiffs filed the present emergency application for a TRO and preliminary injunction pending appeal. The defendants filed the above-referenced responses.

Federal Rule of Civil Procedure 62(d) states:

(d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

The Ninth Circuit has held that this Rule "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.' [] Thus, any action taken pursuant to [this Rule] 'may not materially alter the status of the case on appeal.'" *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

Here, Plaintiffs seek via an emergency injunction pending appeal the very injunction that the court previously denied twice. Plaintiff is now appealing one of those denial orders. Granting this Application would not preserve the status quo pending appeal; it would be a wholesale reversal of the status quo. The Court has no authority to do this.

The Application is therefore **DENIED**.

**SO ORDERED**.